ORR *v.* CARPENTER.

5-197                                                    262 S. W. 2d 280

Opinion delivered November 30, 1953.

*W. M. Thompson,* for appellant.

*Shelby C. Ferguson* and *S. M. Bone,* for appellee.

MINOR W. MILLWEE, Justice. Appellant, Wayne Orr, and appellee, Otis Carpenter, were rival candidates for Democratic County Central Committeeman for Richwoods Township in Sharp County in the run-off Democratic Primary election held August 12, 1952. The returns as certified by the central committee showed 119 votes to have been regularly cast for appellant and 115 for appellee in the two precincts of Richwoods Township; and that four absentee ballots were cast for

appellant and eleven for appellee, making appellee the winner by a vote of 126 to 123. Appellant filed this contest in circuit court alleging that all the absentee ballots were illegal and void and asking that such ballots be thrown out and appellant declared elected. The correctness of the trial court's rejection of this contention is the decisive issue on this appeal.

The evidence discloses that when the official ballot for the second primary was printed the names and number of candidates for township committeeman were unknown. At the direction of the Secretary of the Democratic Central Committee, the county clerk, in mailing the absentee ballots, would type in the names of the candidates for township committeeman for the various townships on a typewriter in blank spaces left on the ballot for that purpose. In this manner the names of appellant and appellee were typed on the absentee ballots for Richwoods Township before they were mailed to the absentee voters.

Appellant argues that the typing of the candidates' names on the absentee ballots amounted to write-in ballots, and that such is prohibited by Ark. Stats. § 3-826 as construed by this court in the recent case of *Davidson* v. *Rhea,* 221 Ark. 885, 256 S. W. 2d 744. We cannot agree with this contention. It is obvious that write-in votes are those written in by the voters such as were involved in the Davidson case, *supra.* The typing of the names of the candidates on the ballots in the instant case did not constitute voting of any kind and no voter wrote in the name of either candidate.

The pertinent issue here is whether legal voters are to be denied their right of franchise because they used ballots upon which the candidates' names had been placed by the use of a typewriter instead of some other form of printing and no objection to the form of the ballot is made until after the election. Even if it be conceded, without deciding, that the typing of the candidates' names is not a substantial compliance with Ark. Stats. § 3-811 as amended by §§ 3-823 and 3-826, still the ap-

pellant may not object to the validity of the election on account of such irregularity where he did not avail himself of the opportunity to have it corrected before the election was held.

This court is committed to the rule that the mistake of an officer charged with responsibilities incident to an election will not have the effect of disfranchising the voter whose evidence of the right to participate in the election was irregular. In *Henderson* v. *Gladish,* 198 Ark. 217, 128 S. W. 2d 257, we reaffirmed the following principles announced in *Jones* v. *State,* 153 Ind. 440, 55 N. E. 229: "To hold that all prescribed duties of election officers are mandatory, in the sense that their nonperformance shall vitiate the election, is to ingraft upon the law the very powers for mischief it was intended to prevent. If the mistake or inadvertence of the officer shall be fatal to the election, then his intentional wrong may so impress the ballot as to accomplish the defeat of a particular candidate or the disfranchisement of a party. And it is no answer to say that the offending officer may be punished by the criminal laws, for this punishment will not repair the injury done to those affected by his acts. It is the duty of the courts to uphold the law by sustaining elections thereunder that have resulted in full and fair expression of the public will, and, from the current of authority, the following may be stated as the approved rule: All provisions of the election law are mandatory, if enforcement is sought before election in a direct proceeding for that purpose; but after election all should be held directory only, in support of the result, unless of a character to affect an obstruction of the free and intelligent casting of the vote or to the ascertainment of the result, or unless the provision affects an essential element of the election, or unless it is expressly declared by the statute that the particular act is essential to the validity of the election, or that its omission shall render it void." See also, *Ellis* v. *Hall,* 219 Ark. 869, 245 S. W. 2d 223.

Another Indiana decision that is in point here is the case of *Schafer* v. *Ort,* 202 Ind. 622, 177 N. E. 438. There,

in the election of a township trustee, the name of a person was erroneously printed on the ballot and after two votes were cast the election board struck the erroneous name from all the remaining ballots and wrote in its place the name of the proper candidate of one of the political parties. The court held that the provisions of a statute that "the names of the different candidates for said township office shall be printed" on the ballots could be regarded as mandatory only before, but not after, the election, saying: "The problem is to secure a free and untrammeled vote and a correct record and a return thereof, and a departure from the statute which does not deprive legal voters of their right to vote or permit illegal voters to participate in the election or cast uncertainty on the result does not affect the validity of the election." See also, annotation 165 A. L. R. 1263.

So here the ballots challenged were cast by legal voters and no ballots were voted or counted other than those which had the names of both candidates typed in by the election officials. It is difficult to see how any prejudice could have resulted to either candidate, or how any voter could have been misled. The vote was the voice of the people, legally raised, and we hold that the absentee ballots were correctly counted by the trial court. In view of this holding, it is unnecessary to determine whether appellant was disqualified as a candidate by failing to file his party pledge within the time prescribed by Ark. Stats. § 3-205 and the rules of the Democratic Party.

Affirmed.