HENSLEY *v*. HOLDER.

5-1411                                    307 S. W. 2d 794

Opinion delivered December 16, 1957.

*John B. Driver,* for appellant.

*Garvin Fitton* and *Arnold M. Adams,* for appellee.

J. Seaborn Holt, Associate Justice. Appellee, Billy Joe Holder, was elected Sheriff and Collector for Searcy County, Arkansas, and took office January 1, 1951. He served three terms, a period of six years, his last term having expired December 31, 1956. On January 7, 1951, he appointed his wife, June Holder, to be his Deputy Sheriff and Collector, in which capacity she served until December 31, 1956. During the period from January 1, 1951 to November 1, 1953, she worked without pay. Sheriff Holder's compensation was paid from the fees of his office, not to exceed a maximum amount of $5,000 annually, as the law provided. The 1953 Legislature passed Act 411 which was approved and became effective on March 28, 1953. This act in part provides: "Section 1. The Sheriff in all counties having a population of not more than 11,000 and not less than 10,200 according to the 1950 Census may employ one deputy sheriff. Such deputy sheriff shall receive from the General County Fund an annual salary not to exceed Twelve Hundred ($1,200) Dollars." Section 2 repealed all laws in conflict therewith, and Section 3 made the Act an emergency measure. Thereafter, in November 1953, proceeding under the terms of this act, Sheriff Holder appointed June Holder his deputy sheriff, and between the dates of December 30, 1953 and April 7, 1956, June claimed and was paid $100 per month for 28 consecutive months (a total of $2,800) from the County General Fund on county warrants issued by the County Clerk and approved by the County Judge.

Appellants, as taxpayers for themselves and all other similarly situated, brought the present suit against the sheriff and his bondsmen alleging that Act 411 is unconstitutional and void and that the $2,800 paid to June Holder as deputy sheriff was illegally paid, that the sheriff's accounts should be surcharged for this money so paid, and prayed that the county officials be enjoined from making further payments to the deputy sheriff under said act; also, for judgment against Sher-

iff Holder, Central Surety and Insurance Corporation—his bonding company, and June Holder, his deputy.

To this complaint appellees, Sheriff Holder, June Holder, his deputy, and Central Surety and Insurance Corporation, each filed a separate demurrer in which each alleged that the complaint did not state facts sufficient to constitute a cause of action. The trial court sustained the demurrer of Sheriff Holder, overruled the separate demurrers of the bonding company and June Holder, and later, on a final hearing, dismissed the cause as to the bonding company and returned judgment against June Holder as deputy sheriff for $2,800, drawn by her under Act 411 above, and restrained the county officials from disbursing any other funds under said act. The cause is before us on direct appeal of appellants and on a cross-appeal.

Appellants rely for reversal on the following points: "1. The Chancellor erred in sustaining the demurrer of the Sheriff and holding said sheriff not responsible for sums paid to his deputy. 2. The Chancellor erred in dismissing the appellants' complaint as to the appellee, Central Surety and Insurance Corporation, the official bonding company of the Sheriff during all times and dates in issue in this cause."

We hold that the chancellor was correct in sustaining the demurrer of Sheriff Holder and in dismissing the cause against the bonding company. Clearly, we think Act 411 here in question is void and unconstitutional since it is a special act and right in the teeth of the provisions of *Amendment* 14 of the *Constitution* of Arkansas which says in plain, unmistakable language: "The General Assembly shall not pass any local or special act. This amendment shall not prohibit the repeal of local or special acts." It is conceded that Act 411 here applies only to Searcy County since this is the only county in Arkansas having a population (by the 1950 census) of not less than 10,200 nor more than 11,000. "A law is special in a constitutional sense when, by force of an inherent limitation, it arbitrarily separates some person, place or thing from those upon which, but

for such separation, it would operate. (citing cases) . . . . In 25 R. C. L. p. 834, paragraph 81, it is said: 'And where a statute fixes the compensation of an officer in a particular locality upon a basis entirely different from that of all other persons filling like offices in the State, it has been held not to be a general law, but within the constitutional prohibition against special legislation.' '' *Smalley* v. *Bushmiaer,* 181 Ark. 874, 31 S. W. 2d 292. ''The exclusion of a single county from the operation of the law makes it local, and it cannot be both a general and a local statute,'' *Webb* v. *Adams,* 180 Ark. 713, 23 S. W. 2d 617.

Act 411 specifically provides that the deputy sheriff here, June Holder, *not* the sheriff, shall receive the salary of $100 per month. This salary money never passed through the sheriff's hands but was paid direct to his deputy and the sheriff was not charged with these funds. The sheriff's bond contained this provision: ''. . . the condition of the above bond is such that if the said Billy Joe Holder shall well, and truly and faithfully discharge and perform the duties of his office, and at the expiration of his term shall render unto his successor in office a correct account of all sums of money, books, goods, valuables and other property as it comes into his custody as such Sheriff of Searcy County, Arkansas, and shall pay and deliver to his successor in office, or any other person authorized to receive the same, all balances, sums of money, books, goods, valuables, and other property which shall be in his hands, and due by him, then the above obligation shall be null and void, else the same to remain in full force and virtue.'' (Duly executed by principal and surety and recorded.)

As indicated, the trial court found, in the circumstances, June Holder liable; that Sheriff Holder was not liable to appellants for the $2,800 paid to his wife, June Holder; and, also that appellee bonding company was not liable as his bondsmen—and we agree. We find no breach of this bond by the sheriff which would place any liability on the bonding company. It is stipulated that Sheriff Holder's bond was the only one on which the bonding company was a surety.

We next consider appellees' points for reversal on their cross-appeal. "1. Act 411 of 1953 is constitutional. 2. Inequitable to render judgment against June Holder. 3. The court erred in rejecting the position of June Holder that she was an employee, as distinguished from an officer of Searcy County. 4. Appellants right to prosecute this cause was barred by laches and unclean hands." We do not agree to any of these contentions.

What we have said above applies with equal force to points 1 and 2 and disposes of each. Both are untenable. Point 3, we hold that June Holder in the circumstances was clearly an officer and not an employee. Our general statutes provide that a sheriff may appoint one or more deputy sheriffs, § 12-1105 Ark. Stats. 1947. The trial court clearly found, however, ". . . that the general laws of the State did not at the time here in question authorize payment of a deputy of any salary or compensation over and above the various fees and emoluments that the sheriff was entitled to draw prior to the enactment of Act 411 of the Acts of 1953."

*Bouvier's Law Dictionary* defines "deputy" as "one authorized by an officer to exercise the office or right which the officer possesses, for and in place of the latter . . . In general, a deputy has power to do every act which his principal might do; but a deputy cannot appoint a deputy." In a Texas case (*State* v. *Brooks,* 42 Texas Reports 63) in which a deputy sheriff was convicted of a crime of embezzling tax money which he had collected for the State of Texas in his capacity as deputy sheriff, and one defense was that he was not an officer, the Supreme Court of that state held that: "A deputy sheriff is an officer within the meaning of the law punishing embezzlement of public money." We think the case of *Revis* v. *Harris,* 219 Ark. 586, 243 S. W. 2d 747, relied upon by appellees is distinguishable for there we held that the mayor when he performed services for the Municipal Water and Light Plant was acting as an employee and not as an officer and was entitled to the money that he had received as a laborer for the water and light plant on a *quantum meruit* basis. Here,

as indicated, June Holder, was an officer and not an employee. Appellees' fourth contention we find to be wholly without merit.

Affirmed.