348

5-4160                                    407 S. W. 2d 732

Opinion delivered November 7, 1966

*Thomas Eisele,* for appellant.

*John Driver* and *Joe D. Villines,* for appellee.

Ed. F. McFaddin, Justice. This litigation necessitates a decision as to whether Constitutional Amendment No. 51 supersedes the provisions of Ark. Stat. Ann. § 3-1123 and § 3-1123.1 (Repl. 1956).

The appellants are "N. J. Henley, individually and as representative of the Members of the Republican Party, and also as a member of the Searcy County Board of Election Commissioners; W. N. Guthrie, individually and as County Clerk and Permanent Registrar for Searcy County; and Beal Sutterfield, individually and as Sheriff and Collector of Searcy County, Arkansas." The appellees are "W. L. Goggin, individually and as Chairman of the Searcy County Board of Election Com-

missioners; C. H. Campbell, individually and as a member of the Searcy County Board of Election Commissioners: and Mrs. Howard (Donna) Stephenson.''

On October 8, 1966, by a majority vote, the County Board of Election Commissioners of Searcy County, proceeding under Ark. Stat. Ann. § 3-1123 and § 3-1123.1, appointed Mrs. Howard (Donna) Stephenson as ''Custodian''[1] for the applications for, the issuance of, and voting of, absentee ballots for the General Election of November 8, 1966. On October 13, 1966, the appellants filed this action in the Circuit Court of Searcy County, praying, *inter alia,* for a judgment that the said Ark. Stat. Ann. §§ 3-1123 and 3-1123.1 be declared to have been superseded by Constitutional Amendment No. 51, and also that the action of the Searcy County Board of Election Commissioners, in appointing Mrs. Stephenson as Custodian, be declared void. Trial was held in the Circuit Court on October 20, 1966, and resulted in a judgment holding valid the said sections and also the action of the County Board of Election Commissioners in appointing a custodian under said sections. This appeal followed.

The appeal was filed in this Court on October 25, 1966; and since it involved matters concerning the General Election to be held on November 8, 1966, we advanced the cause for immediate oral argument, hearing, and decision; and on October 31, 1966, we delivered the following *per curiam*:

''PER CURIAM. We hereby set aside—effective as of this date—the order of the Circuit Court approving the action of the County Election Commissioners in selecting a custodian to act under Ark. Stat. Ann. § 3-1123 and § 3-1123.1 (Repl. 1956), as these sections are in conflict with Amendment No. 51. The ballots of persons who have obtained absentee ballots before this date under the Circuit

[1]We will hereinafter refer to Mrs. Stephenson in such capacity as "Custodian," since this is the designation so used by appellees.

Court order shall be counted if otherwise found to be legal. And all absentee ballots received heretofore or hereafter by the said Custodian shall be forthwith delivered to the Permanent Registrar. An opinion will be delivered later.''

This is the opinion referred to. Before an election the provisions of election laws are mandatory, and after the election the provisions are directory. In *Henderson v. Gladish,* 198 Ark. 217, 128 S. W. 2d 257, we said: ''All provisions of the election law are mandatory, if enforcement is sought before election in a direct proceeding for that purpose; . . .'' Here, the litigation is before the election, and if the appellants are correct they are entitled to have the determination of the question *before* the election. The provisions under which the majority of the Election Commissioners of Searcy County were proceeding are Ark. Stat. Ann. § 3-1123 and § 3-1123.1, and in their present form come to us from Act No. 42 of 1951. At that time (1951) our Constitution and laws provided for a poll tax receipt as a prerequisite for voting;[2] but at the General Election in November 1964 the People of Arkansas adopted Amendment No. 51 to the Constitution,[3] which outlawed the poll tax as a prerequisite for voting and provided for a system of permanent registration of voters. It is hornbook law that a Constitutional Amendment subsequently adopted will supersede any previous statute in conflict therewith. (National Prohibition Cases, 253 U. S. 350, 64 L. ed. 946, 40 S. Ct. 486. See also 50 Am. Jur. 546, ''Statutes'' § 540.) The germane provision of Amendment No. 51 relating to absentee voting is contained in Section 13(d) of said Amendment and reads as follows:

''(d) Absentee voting shall be conducted in the same manner as now provided under the laws of

[2]Except, of course, so-called "Maiden Voters," and possibly a few other rare instances.

[3]The 1965 Arkansas General Assembly enacted several laws recognizing Amendment No. 51. Some of these are Acts 3, 126, 127, 187, and 417 of the Regular Session, and Acts 51, 56, and 57 of the First Extraordinary Session.

the State; provided, that the Permanent Registrar shall determine that the signature on the application for absentee ballot is identical with the signature appearing on the voter's Affidavit of Registration before mailing or passing out an absentee ballot. The Permanent Registrar shall, upon permitting absentee voting in the manner hereinabove authorized, stamp in the first vacant and unused blank space in the Record of Voting Form the date of the forthcoming election and shall note thereafter the words, 'absentee ballot' "

It is true that Amendment No. 51 did not expressly repeal Ark. Stat. Ann. §§ 3-1123 and 3-1123.1, and it is true that repeals by implication are not favored. (*Faubus* v. *Miles,* 237 Ark. 957, 377 S. W. 2d 601); but when the conflict between the statute and the Constitution is irreconcilable, then the statute must be held to be superseded. Here, we cannot fit the Legislative Enactment (§ 3-1123 and § 3-1123.1) into the provisions of the Constitutional Amendment. The Legislative Enactment says that the custodian "shall exercise all powers and duties concerning the applications for, the issuance of, and the voting of absentee ballots, required of the County Clerk. . . ." Under Amendment No. 51 the County Clerk becomes the Permanent Registrar, and under the Constitutional provision previously quoted, the Permanent Registrar "shall determine that the signature on the application for absentee ballot is identical with the signature appearing on the voter's Affidavit of Registration ... The Permanent Registrar shall ... stamp in the first unused blank space in the Record of Voting Form the date of the forthcoming election, and shall note thereafter the words, 'absentee ballot'."

Now if the Board of Election Commissioners can appoint a custodian to have charge of all the applications and the issuance of absentee ballots, such custodian would be superseding the Permanent Registrar in the fulfilling of his constitutional duties. The custodian is authorized by statute to have the absentee ballots and

issue them. The Record of Voting Form mentioned in the Constitutional Amendment could not be in the custodian's office and at the same time, in the office of the County Clerk as Permanent Registrar. The mandatory duty of the Permanent Registrar is to compare the signatures and to stamp certain information on the Record of Voting Form. The order of the County Board of Election Commissioners for the custodian to have charge of the applications and the issuance and the voting of absentee ballots is directly in conflict with the provisions of Amendment No. 51 in the particulars here mentioned.

We therefore hold that Amendment No. 51 repealed or superseded the provisions of Ark. Stat. Ann. § 3-1123 and § 3-1123.1. We heretofore issued and now reaffirm the *per curiam* made in this case; and the cause is remanded with directions to set aside the judgment previously entered and to enter a judgment in conformity with this opinion. An immediate mandate is issued.