Joyce T. FERGUSON et al *v.* Jake BRICK et al

82-288                                                    652 S.W.2d 1

Supreme Court of Arkansas
Opinion delivered May 31, 1983
[Rehearing denied July 5, 1983.]

*McHenry, Skipper & Barns,* by: *Merl O. Barns,* for appellants.

*John Walker* and *Samuel Turner, Jr.,* for appellees.

DARRELL HICKMAN, Justice. This is a case about an election but it is not a suit to void an election because of irregularities. It is a suit after an election by a losing candidate seeking to declare an election statute void and thereby attempting to prevent the winner from serving.

The statute was declared unconstitutional by the circuit court but no relief was granted, the trial court finding essentially that the suit was brought too late. We agree and affirm the judgment.

In issue is the mayoral election of West Memphis, a first class city located in Crittenden County. It was held November 2, 1982, and there were six candidates. A total of 7,636 votes were cast. Leo Chitman received the most votes, 2,130, and Joyce Ferguson, the incumbent mayor, was next with 2,069 votes. No candidate received a majority of the votes cast. The election commission did not intend to, and did not, schedule a run-off election between Chitman and Ferguson. Chitman was certified the winner on November 8th.

The reason no run-off was scheduled is because the General Assembly passed Act 175 of 1977 declaring that run-offs in elections for mayors of cities of the first class having mayor/council form of government would only apply to cities having a population between 57,000 and 61,000 population. This Act amended the existing law which provided that in all first class cities with mayor/council form of government a run-off election must be held

two weeks from the day of the election if no candidate receives a majority of votes.

Another suit challenging Act 175 was filed two days after the election and Ferguson could have joined in that suit. She knew of the suit but counsel suggests she declined to join after being told she was not a necessary party. The trial judge, after offering a continuance in order to permit her joinder, dismissed the suit since she was not a party.

This suit was filed late on the day a run-off election would have been held under the old law, after Chitman had been certified. Ultimately the plaintiffs were Ferguson, an eighteen-year-old voter, another candidate in the race, and his wife. They appealed from the trial court's adverse ruling and argue since Act 175 is unconstitutional, Chitman cannot be qualified for the mayor's office; therefore, Ferguson, the incumbent mayor, still holds office under the theory announced in *Justice* v. *Campbell,* 241 Ark. 802, 410 S.W.2d 601 (1967).

We agree with the trial court's decision that Act 175 is local legislation in violation of ARK. CONST., amend. XIV. Act 175 is flagrantly local, intended to only apply to two out of numerous first class cities. *Knoop* v. *City of Little Rock,* 277 Ark. 13, 638 S.W.2d 670 (1982). And we agree Ferguson waited too late. We do not favor suits after elections by candidates seeking to void an election they would not contest if they had won. We have said many times that some matters that are mandatory before an election are merely directory after an election. *Henley* v. *Goggin,* 241 Ark. 348, 407 S.W.2d 732 (1966); *Henderson* v. *Gladish,* 198 Ark. 217, 128 S.W.2d 257 (1939); *Cf. Gay* v. *Booker,* 251 Ark. 565, 473 S.W.2d 441 (1971). Sometimes the public interest demands the contest cease. In *Johnson* v. *Darnell,* 220 Ark. 625, 249 S.W.2d 5 (1952), we held that an official was estopped to challenge the constitutionality of a statute under which he claimed benefits. In *Searcy County* v. *Stephenson,* 244 Ark. 54, 424 S.W.2d 369 (1968), we held that a candidate was estopped after an election from seeking to recover an illegal filing fee because he could have easily challenged the fee before the election. Ferguson, or any of the other

candidates, could have challenged this Act before the ·election.

In fact, Ferguson was elected two years before under the same Act. Since she received about 70% of the vote in that election, she did not complain about the law. But that merely reinforces the point that a candidate ought to challenge such an act before the votes are counted.

Affirmed.