The Honorable Jack Gibson State Senator P.O. Box 308 Dermott, Arkansas 71638
Dear Senator Gibson:
This is in response to your request for an opinion concerning the legality of Chicot County Ordinance No. 1988-7, which prescribes certain courthouse personnel work policies. Specifically, the ordinance provides:
 SECTION 1. From and after passage and approval of this ordinance all office personnel shall report to work at 8:00 a.m. each Monday, Tuesday, Wednesday, Thursday and Friday. No one will be allowed to work after 4:30 p.m. nor may they work any other day of the week not listed as a workday.
 SECTION 2. No person who is office personnel of this courthouse with or without permission can take any work home, all work must be done within the confines of the Chicot County Courthouse.
 SECTION 3. A Lunch break shall be observed each day and must be at least 30 minutes in length. If the lunch break is taken within the Courthouse that office must be closed and no service will be performed during this lunch break.
 SECTION 4. No one will be permitted to trade shifts or work for any other office or any county facility other than the one you are assigned to.
 SECTION 5. Any deviation from this ordinance may cause person or persons to be dismissed.
SECTION 6. All county officials are exempt from this ordinance.
 SECTION 7. EMERGENCY CLAUSE. It is hereby found that an emergency exists in the Chicot County Courthouse and that this Ordinance shall become law after its passage and approval.
You have indicated that the impetus for enactment of the ordinance was the desire to curtail overtime put in by the deputy sheriffs. In this regard, it should be noted form the outset that the ordinance, by its own terms, does not apply to deputy sheriffs. Section 6 of the ordinance exempts county officials. In Arkansas, deputy sheriffs are public officers. Hensley v. Holder, 228 Ark. 401,307 S.W.2d 794 (1957). As such, they can also be properly termed "county officials". See Blacks Law Dictionary at 977, 978 (5th Ed. 1979). Therefore, they are exempt from the operation of the ordinance by virtue of Section 6 thereof.
The ordinance does, however apply to the secretaries and criminal investigator employed by the department, although sections 1 and 2 of the ordinance probably do not apply to the criminal investigator as he or she is likely not "office personnel". It is my opinion that the quorum court does have the authority to enact ordinances regulating county employee policies and practices, including hours of work, as long as the ordinance does not apply to elected county officials. A.C.A. 14-14-805(2); (1978) Walker v. Washington County, 263 Ark. 317, 564 S.W.2d 513; Henderson v. Russell, 267 Ark. 140, 589 S.W.2d 565 (1979); and Wilson v. Robinson, 668 F.2d 380 (8th Cir. 1981). It is therefore my further opinion in light of relevant case law that the ordinance, with its stated limitations, is proper and constitutional exercise of the power of the quorum court.
The foregoing opinion, which I hereby approve, was prepared by Assistant Attorney General Elana L. Cunningham.