The Honorable Bill Kerr State Representative P.O. Box 7615 Little Rock, AR 72207
Dear Representative Kerr:
This is in response to your request for an opinion on whether A.C.A. 14-47-114(b) is constitutional.
It is my opinion that this provision violates Amendment Fourteen to the Arkansas Constitution.
The statute in question provides:
 (a) A director of the city shall not receive any compensation for his services.
 (b) Directors of a city having a population of at least four thousand (4,000) but not more than four thousand five hundred (4,500) and located in a county having a population of one hundred thousand (100,000) or more may receive a per diem to be fixed by ordinance of the board not to exceed one hundred dollars ($100) for attending designated meetings of the board. In no event shall any director receive per diem in excess of two hundred dollars ($200) for any one (1) month.
Amendment 14 to the Arkansas Constitution provides:
 The General Assembly shall not pass any local or special act. This amendment shall not prohibit the repeal of local or special acts.
It is my opinion, in light of interpretive case law construing the amendment, that A.C.A. 14-47-114(b) is unconstitutional. See State ex rel. Burrow v. Jolly, 207 Ark. 515, 181 S.W.2d 479
(1944), (statute providing for road overseers in counties which have or may hereafter have a population of not less than 18,300 nor more than 18,350 was unconstitutional); Hensley v. Holder,228 Ark. 401, 307 S.W.2d 794 (1957), (act providing for deputy sheriff in counties having a population of not more than 11,000 and not less than 10,200 according to the 1950 census was unconstitutional); Inman v. Kelley, 229 Ark. 149, 313 S.W.2d 796
(1958), (act fixing the salary of assessor in Independence County unconstitutional); Laman v. Harrill, 233 Ark. 967, 349 S.W.2d 814
(1961), (statute providing for a civil service commission in cities having a population of 20,000 or more located in counties with a population of 100,000 or more was unconstitutional); Ferguson v. Brick, 279 Ark. 288, 652 S.W.2d 1 (1983), (act declaring that run-offs in elections for mayors of cities of the first class having mayor/council form of government and only applying to cities having a population between 57,000 and 61,000 was unconstitutional); and Littleton v. Blanton, 281 Ark. 395,665 S.W.2d 239 (1984), (act applying only to a county of not less than 26,500 and not more than 28,000, could apply to only one county and is unconstitutional).
The statute about which you inquire does not suffer from one of the most lethal deficiencies commonly found in impermissible "special legislation." That is, it does not tie the population classification to a certain federal decennial census, or base the classification on a population existing at the time of passage of the act. Both of these techniques ensure that the act could only ever apply to one municipality or county, as the case may be. See Hensley v. Holder, supra. In any event, it is still my opinion that A.C.A. 14-47-114(b) would be found unconstitutional.
Although it is acknowledged that classifications such as the one found in A.C.A. 14-47-114(b), can be found constitutional, this conclusion must be based upon the fact that the classification itself bears some reasonable relation to the objective of the legislation. As stated in Simpson v. Matthews, 184 Ark. 213,40 S.W.2d 991 (1931):
 The classification of counties and municipalities is legitimate when population or other basis of classification bears a reasonable relation to the subject matter of the legislation, and the judgment of the legislature should control unless the classification is arbitrary or is manifestly made for the purpose of evading the Constitution.
184 Ark. at 216.
It is my opinion that A.C.A. 14-47-114(b) does not bear a reasonable relationship to the objective of the legislation. No apparent reason exists for allowing city directors of cities meeting the population classification a per diem, while not allowing directors of other cities the same per diem. It is therefore my opinion that the classification is arbitrary.
The foregoing opinion, which I hereby approve, was prepared by Assistant Attorney General Elana L. Cunningham.