The Honorable Sharon Priest Secretary of State State Capitol Little Rock, AR 72201-1094
Dear Ms. Priest:
I am writing in response to your request for an opinion on several questions concerning nonpartisan judicial elections held pursuant to A.C.A. §§ 7-10-101 et seq. (Supp. 2001). As you note, this legislation was enacted to implement the nonpartisan elections of judicial offices as mandated by Amendment 80 to the Arkansas Constitution, which substantially revised the judicial branch of state government. Section7-10-102 provides that the general elections for these offices shall be held on the date of the preferential primary election. You have noted that the first nonpartisan judicial general election was held during the primary on May 21, 2002, and you have asked the following questions concerning a circuit judge election:
 1. What is the result of a circuit judge election held pursuant to A.C.A. 7-10-101 et seq. in a multi-county district when one of the county election commissions inadvertently omits an unopposed circuit judge candidate from the nonpartisan judicial general election ballot?
 2. What is the result of a circuit judge election held pursuant to A.C.A. 7-10-101 et seq. in a single-county district when the county election commission inadvertently omits an unopposed circuit judge candidate from the nonpartisan judicial general election ballot?
 3. Is it permissible for an unopposed circuit judge candidate to be listed as an unopposed candidate on the November general election ballot or the November judicial runoff ballot if his or her name was inadvertently omitted from the May 21 ballots?
 4. If the answer to question 3 is "no," what is the appropriate action for the election commission to take with regard to such a position?
RESPONSE
It is my opinion in response to your first question that the omission of the unopposed candidate's name from the ballot by one county in a multi-county judicial district in all likelihood would not materially affect the election results. With regard to your second question, it is my opinion that this scenario would likely result in the failure to elect a successor, in which case the incumbent circuit judge would be authorized to hold over or continue in office until a successor is elected and qualified. The answer to your third question is "no," in my opinion. In response to your final question, it is my opinion that the county board of election commissioners probably lacks authority to take any action.
I believe it will be helpful to set out the pertinent election procedures before restating and addressing your questions.
Amendment 80 provides that circuit and district judges "shall be elected on a nonpartisan basis by a majority of qualified electors voting for such office within the circuit or district which they serve." Ark. Const. Amend. 80, § 17 (a); see also A.C.A. § 7-10-102 (c) (1) (Supp. 2001) ("No person shall be elected to a nonpartisan judicial office without receiving a majority of the votes cast at the election for the office.") As you note, judicial candidates in the nonpartisan judicial general election held on May 21, 2002, pursuant to A.C.A. § 7-10-101, were to be listed on the party primary ballots and on a third, separate ballot for those who did not wish to vote in the primary. See A.C.A. §7-10-102 (b) (2) (Supp. 2001). These requirements extend to unopposed judicial candidates. In this regard, A.C.A. § 7-5-208 states in relevant part:
 (f)(1) Every ballot shall contain the name of each candidate who has been nominated or has qualified in accordance with law for each office. The names of the candidates shall be listed in a perpendicular column under the name of each office to be filled.
 (2)(A) However, the names of all unopposed candidates for offices for which no notice has been filed within the time prescribed in § 7-5-205 [1] . . . shall be grouped together on the ballot indicating the office and the name of the unopposed candidate for each office in a single column. At the top of the list of the names of all unopposed candidates shall appear on the ballot the words "Unopposed Candidates", and to the right thereof there shall be a square in which the voter may cast a vote for all the candidates by placing an appropriate mark. . . .
A.C.A. § 7-5-208 (f) (Repl. 2000) (emphasis added).
Judicial candidates who received the majority of the votes in their races were elected as judges in that election. A.C.A. § 7-10-102 (c) (1) (Supp. 2001). See also Ark. Const. Amend. 80. § 17 (A). With regard, specifically, to the vote for an unopposed candidate, A.C.A. § 7-5-315
states in relevant part:
 The votes received by an unopposed candidate in any election held in this state shall not be counted or tabulated by the election officials. The word "UNOPPOSED" shall be sufficient to insert on the tally sheet to indicate that the candidate has received a majority of the votes cast in the election.
A.C.A. § 7-5-315 (1) (Repl. 2000) (emphasis added).
Assuming, therefore, that the unopposed candidate for circuit judge met the filing requirements so at qualify for the ballot (see A.C.A. §7-10-103 (Supp. 2001), regarding filing requirements), it seems clear that his or her name should have appeared on the ballots in the judicial general election. See A.C.A. § 7-10-102 (b) (2), supra (regarding the ballots required for the nonpartisan judicial general elections). I assume from your questions that this did not occur under either of the scenarios you have presented. I will now address your questions with these procedures in mind.
Question 1 — What is the result of a circuit judge election held pursuantto A.C.A. 7-10-101 et seq. in a multi-county district when one of thecounty election commissions inadvertently omits an unopposed circuitjudge candidate from the nonpartisan judicial general election ballot?
Although you have provided no other facts surrounding the election results under the above scenario, I assume that the tally sheet in the county in which the name was omitted would not include this candidate as having received a majority vote. See A.C.A. § 7-5-315 (1), supra.
Accordingly, the election returns and the certificates of election in that county presumably would not reflect the election of the unopposed candidate. See generally A.C.A. §§ 7-5-317, -318, and -701 (Supp. 2001) (regarding certificates of election). I further assume, however, that the election returns in the other counties in the judicial circuit, as certified to your office by the county boards of election commissioners pursuant to A.C.A. § 7-5-701 (Supp. 2001), would show that the unopposed candidate received a majority of the votes cast in the election. In my opinion, these returns would likely be sufficient to establish the election of the unopposed candidate. As noted above, the votes received by an unopposed candidate are not counted. While it is true that the election returns will not show a majority vote for the unopposed candidate in the one county, the effect would seemingly be de minimus,
given the fact that including the unopposed candidate's name on the ballot could only have resulted in him or her receiving a majority vote. It may reasonably be concluded, therefore, that this defect could not have materially changed the result of the election. These circumstances lead me to conclude that the commissioning of the unopposed candidate (see A.C.A. § 7-5-704 (a) (Supp. 2001)) would in all likelihood withstand challenge. See generally Swanberg v. Tart, 300 Ark. 304, 778 S.W.2d 931
(1989) and Lewelling v. Mansfield School Dist. No. 76, 240 Ark. 237,398 S.W.2d 665 (1966) (noting the general rule that elections will not be invalidated for alleged wrongs committed unless those wrongs were such to render the result doubtful.)
Question 2 — What is the result of a circuit judge election held pursuantto A.C.A. 7-10-101 et seq. in a single-county district when the countyelection commission inadvertently omits an unopposed circuit judgecandidate from the nonpartisan judicial general election ballot?
In my opinion, these circumstances would in all likelihood result in the failure to elect the unopposed candidate. He or she must have received "a majority of the votes cast" in order to have been elected to the office of circuit judge. A.C.A. § 7-10-102 (c) (1) (Supp. 2001). See also Ark. Const. Amend. 80. § 17 (A). In this regard, as with the scenario addressed above, the election results in the one county in this instance presumably will not reflect the election of the unopposed candidate. Seediscussion above. Unlike the scenario under your first question, however, I assume in this instance that as a consequence of this failure, the votes as "cast up and arrange[d]" by your office (A.C.A. §7-5-704 (a) (Supp. 2001)) would not include the name of this candidate. I have found no procedure for declaring the election of this individual in these circumstances. We know from Arkansas Supreme Court rulings that county boards of election commissioners act ministerially and do not have the discretion to determine candidates' eligibility to stand for election. See, e.g., Ivy v. Republican Party, 318 Ark. 50, 883 S.W.2d 805
(1994) and State v. Craighead County Board of Election Commissioners,300 Ark. 405, 779 S.W.2d 169 (1989). This leads me to conclude that the county board likely lacks the authority to certify or declare the election of the unopposed candidate. And while a procedure exists for correcting errors or omissions in the printing of ballots (A.C.A. §7-5-209 (Repl. 2000)), apparently this procedure was not invoked in this instance. It is therefore my opinion that resort to the courts to compel the election and commissioning of this individual would in all likelihood fail. Cf. McFarlin v. Kelly, 246 Ark. 1237, 442 S.W.2d 183 (1969) and Orrv. Carpenter, 222 Ark. 716, 262 S.W.2d 280 (1953) (rejecting objection to the validity of the election where the complainant did not avail himself of the opportunity to have the irregularity corrected before the election was held).
As a general rule, it is the function of the legislature, not the courts, to create rights of action, or provide relief where means of redress have not been designated. McFarlin, supra. Having found no procedure or basis for establishing that the unopposed candidate received a majority vote in the single-county judicial district under the scenario you have outlined, I must conclude that he or she will not have been elected. It is generally held in such instances, where there has been a failure to elect an individual to succeed an incumbent in office, that the incumbent officeholder is authorized to "hold over" in his or her position as a de jure officer, under the authority of Article 19, Section5 of the Arkansas Constitution. See generally Justice v. Campbell,241 Ark. 802, 410 S.W.2d 601 (1967); Op. Att'y Gen. 2000-139.
Question 3 — Is it permissible for an unopposed circuit judge candidateto be listed as an unopposed candidate on the November general electionballot or the November judicial runoff ballot if his or her name wasinadvertently omitted from the May 21 ballots?
It is my opinion that the answer to this question is "no." It is well established that an election held on a day other than that fixed by the General Assembly is void. As stated in McCoy v. Story, 243 Ark. 1,417 S.W.2d 954 (1967), quoting from Merwin v. Fussell, 93 Ark. 336,124 S.W. 1021:
 "`* * * it must be conceded by all that time and place are the substance of every election,' and that `it is, of course, essential to the validity of an election that it be held at the time and in the place provided by law. . . . The authority to hold an election at one time will not warrant an election at another time, and an election held at a time not fixed by the law itself will be void."
McCoy, 243 Ark. at 5-6.
Because it is clear that the general election for nonpartisan judicial offices must be held on the date of the preferential primary election, in accordance with A.C.A. § 7-10-102 (Supp. 2001), listing the unopposed candidate on the November ballot would not be permissible.[2] It is my opinion that the results of any election for an unopposed circuit judge candidate in November would be a nullity. Cf. Op. Att'y Gen. 2000-139
(opining that there is no authority for a midterm election for municipal judge when the incumbent is a holdover).
Question 4 — If the answer to question 3 is "no," what is the appropriateaction for the election commission to take with regard to such aposition?
I have found no authority, either legislative or judicial, that would support any action by the board of election commissioners under these circumstances. It is therefore my opinion that there is no available action to be taken. As noted above, once the failure to elect a successor is established, Arkansas case law indicates that the incumbent will continue in office until his or her successor is elected and qualified.
Assistant Attorney General Elisabeth A. Walker prepared the foregoing opinion, which I hereby approve.
Sincerely,
MARK PRYOR Attorney General
MP:EAW/cyh
[1] This pertains to write-in candidates, who must qualify by filing the specified notice of intention to be a write-in. Because your question involves the election of an "unopposed" candidate, I assume that there were no write-in candidates.
[2] The only time the November general election ballot is used in connection with nonpartisan judicial candidates is in the event of arunoff. See A.C.A. § 7-10-102 (c) (2) and (3) (Supp. 2001). However, it is my opinion that the principle set out above regarding the time for holding elections would also prevent listing the unopposed candidate on the November run-off ballot.