SLIP OPINION

Cite as 2017 Ark. 232

# SUPREME COURT OF ARKANSAS

No. CR-17-229

CEDRIC L. BROWN

APPELLANT

V.

STATE OF ARKANSAS

APPELLEE

**Opinion Delivered** August 3, 2017

PRO SE MOTION FOR EXTENSION OF BRIEF TIME
[POINSETT COUNTY CIRCUIT COURT, NO. 56CR-13-381]

APPEAL DISMISSED; MOTION MOOT.

**KAREN R. BAKER, Associate Justice**

Appellant Cedric L. Brown lodged an appeal from a decision of the trial court that denied his pro se petition for declaratory relief asking the trial court to enforce the terms of an alleged plea agreement concerning Brown's parole eligibility. Brown contended that his counsel, relying on assurances from the prosecutor, had promised that if he pleaded guilty, Brown would not be required to serve more than four years' imprisonment in the Arkansas Department of Correction (ADC) before becoming eligible for parole. Brown contended in his petition for declaratory relief that the ADC had contravened this plea agreement when it determined that he would be required to serve 100 percent of the sentence. The trial court entered an order that denied Brown's request for relief, concluding that it did not have the authority to abrogate the ADC's determination of parole eligibility.

Now pending before this court is Brown's pro se motion for an extension of time to file his brief in this appeal. For the reasons set forth below, a de novo review of the record demonstrates that Brown did not join the director of the ADC as a party to his declaratory-judgment action. Therefore, Brown failed to establish the existence of a justiciable

SLIP OPINION

controversy over which the circuit court had jurisdiction. As it can be determined from the record that Brown could not prevail, the appeal is dismissed, which renders Brown's motion for an extension moot.

An appeal from an order that denied a petition for postconviction relief, including civil postconviction remedies, will not be permitted to go forward where it is clear that the appellant could not prevail. *Justus v. State*, 2012 Ark. 91, at 2. This court treats declaratory-judgment proceedings as applications for postconviction relief in those instances in which a prisoner seeks relief from the conditions of his incarceration. *Neely v. McCastlain*, 2009 Ark. 189, at 6, 306 S.W.3d 424, 427. Declaratory relief may be granted when it is established that a justiciable controversy exists. *Jegley v. Picado*, 349 Ark. 600, 613, 80 S.W.3d 332, 337 (2002). The question as to whether there was an absence of a justiciable issue shall be reviewed de novo on the record of the trial court. *Id.* at 611, 80 S.W.3d at 336.

Brown pleaded guilty to one count of attempted first-degree murder and was sentenced to 192 months' imprisonment in the ADC with 48 months of supervised release. In his petition for declaratory relief, Brown contended that the ADC refused to grant parole eligibility to him pursuant to Arkansas Code Annotated section 16-93-609(b)(1) (Repl. 2016).[1] Brown alleged entitlement to declaratory relief on the bases that the ADC had

---

[1] This code section states in pertinent part that any person who commits a violent felony offense after August 13, 2001, and who has previously been found guilty of or pleaded guilty to any violent felony offense shall not be eligible for release on parole by the board. The record demonstrates that Brown is incarcerated in the ADC pursuant to a guilty plea to one count of attempted murder. The sentencing order reflects that the offense of attempted murder was committed on August 25, 2013. During the hearing, Brown informed the trial court that he had been previously convicted of first-degree battery. There

violated the terms of the alleged plea agreement, his right to due process, and his right to enforcement of a contract, when it determined that he must serve his entire sentence. Brown cited *Puckett v. United States*, 556 U.S. 129 (2009); and *Santobello v. New York*, 404 U.S. 257 (1971), for the proposition that the United States Supreme Court recognizes that plea agreements are enforceable contracts. The trial court held a hearing on the petition and considered arguments from Brown and the prosecutor. The plea agreement and the plea-and-sentence recommendations were made part of the record and contained terms regarding the agreed-upon sentence, but did not reference parole eligibility.

Our declaratory-judgment act was not intended to allow any question to be presented by any person. *Andres v. First Ark. Dev. Fin. Corp.*, 230 Ark. 594, 606, 324 S.W.2d 97, 104 (1959). The declaratory-judgment statute is applicable only where there is a present actual controversy and all interested persons are made parties. Ark. Code Ann. § 16-111-111(Repl. 2016)[2] (stating in relevant part that all persons shall be made parties who claim any interest that would be affected by the declaration); *see also Files v. Hill*, 268 Ark. 106, 114, 594 S.W.2d 836, 841 (1980) (failure to include a party that has an interest in the controversy is fatal to a declaratory judgment action); *McFarlin v. Kelly*, 246 Ark. 1237,

---

is no allegation or evidence in this record that the ADC's calculation of Brown's parole eligibility was unauthorized under the controlling statutes. *See Hobbs v. Baird*, 2011 Ark. 261, at 2 (affirming circuit court's granting declaratory relief where the ADC had misinterpreted the applicable statute with respect to parole eligibility).

[2]This section of the declaratory-judgment act was originally codified as § 16-111-106, but was renumbered by the Arkansas Code Revision Commission in 2016.

1240–41, 442 S.W.2d 183, 185 (1969) (to meet jurisdictional requirement for a declaratory action all those who have an interest must be made parties to the action).

Because Brown did not join the director of the ADC as a party to this action, there was no justiciable controversy as to the rights and obligations of the ADC under an action that sought to enforce a verbal agreement affecting its right to determine Brown's parole eligibility. Ark. Code Ann. § 16-111-111. For the same reasons, Brown's remaining allegation that the ADC violated his right to due process was likewise not justiciable under Arkansas's declaratory-judgment statute.

Appeal dismissed; motion moot.

*Cedric L. Brown*, pro se appellant.

One brief only.