Rhonda k. Wood, Associate Justice
Appellant James Gray, Jr., appeals from the denial of a pro se petition for a writ of error coram nobis wherein he alleged that his guilty plea was not voluntarily or intelligently entered with the assistance of competent counsel. Pending before this court is Gray's motion for an extension of time to file his appellate brief. An appeal from an order that denied a petition for postconviction relief, including a petition for writ of error coram nobis, will not be permitted to go forward where it is clear that the appellant could not prevail. See Brown v. State , 2017 Ark. 232, at 2, 522 S.W.3d 791, 792 ; see also Justus v. State , 2012 Ark. 91, at 2. A review of the record demonstrates that Gray's allegations are not cognizable in coram nobis proceedings, and he therefore cannot prevail on appeal. Accordingly, the appeal is dismissed, and the motion for extension of brief time is moot.
In error coram nobis proceedings, the presumption is that the judgment of conviction is valid. Nelson v. State , 2014 Ark. 91, at 3, 431 S.W.3d 852, 854. The function of the writ is to provide relief from a judgment entered when there existed some fact that would have prevented its entry had the trial court known of it, and that, through no negligence or fault of the defendant, was not brought forward before entry of the judgment. Id. The writ is issued only under compelling circumstances to achieve justice and to address errors of the most fundamental nature, and it is available to address only certain errors that are found in one of four categories: (1) insanity at the time of trial, (2) a coerced guilty plea, (3) material evidence withheld by the prosecutor, or (4) a third-party confession to the crime during the time between conviction and appeal. Id.
In April 2016, Gray pleaded guilty to first-degree murder and aggravated robbery. On April 10, 2017, almost a year after the sentencing order had been entered, Gray filed a petition seeking coram nobis relief and alleged the following: he did not waive his constitutional right to competent counsel at the time of his plea; counsel ineffectively negotiated his plea agreement; counsel erroneously advised him that he would be required to serve seventy percent of his sentence, when in fact, he must serve 100 percent of his sentence of 564 months' imprisonment; and he was coerced into pleading guilty with threats of the possibility of being sentenced to life imprisonment. In sum, Gray has alleged entitlement to coram nobis relief primarily on the basis of allegations of ineffective assistance of counsel.
Ineffective-assistance-of-counsel claims are not cognizable in error coram nobis proceedings. Under our state law, coram nobis proceedings are not to be used as a substitute for raising claims of ineffective assistance of counsel under Arkansas Rule of Criminal Procedure 37.1 (2016) and are not interchangeable with proceedings under Rule 37.1, which is the remedy for asserting allegations of ineffective assistance of counsel. State v. Tejeda-Acosta , 2013 Ark. 217, at 8-9, 427 S.W.3d 673, 678. The writ is not available when a mistake or error of law is made by counsel. Id.
Gray's allegation that his guilty plea was coerced is equally unavailing. This court has previously recognized that a writ of error coram nobis is available if a petitioner establishes that he is guilty as a result of fear, duress, or threats of mob violence.
*660 Nelson , 2014 Ark. 91, at 4, 431 S.W.3d at 855. Gray did not allege that his guilty plea resulted from any form of physical or psychological duress but instead alleged that he had been threatened with the possibility of a life sentence. It is well settled that mere pressure to plead guilty occasioned by the fear of a more severe sentence is not considered coercion. Id.
Appeal dismissed; motion moot.
Hart, J., dissents.
Josephine Linker Hart, Justice, dissenting.
This court has denied Mr. Gray due process by dismissing his appeal. The only matter that was pending before this court in Mr. Gray's appeal was his motion for an extension of time to file his brief. Mr. Gray timely informed this court via his motion that, because of problems with the photocopier at the prison, he needed more time to procure the eight copies of his brief that our rules require. See Ark. Sup. Ct. R. 4-7(c)(4). Because Mr. Gray had not perfected his appeal, this court did not have jurisdiction to decide his appeal on the merits.
Along with his motion, Mr. Gray tendered a single copy of his brief. If the majority was motivated by some notion of efficiency, it could have waived the copying requirement because this case was submitted electronically to the various justices' chambers. The majority could also have amended Rule 4-7(c)(4) to eliminate the copying requirement effective with Mr. Gray's filing. That course of action would be consistent with this court's authority under the Arkansas Constitution, which gives us the authority to prescribe all rules of practice and procedure. Ark. Const. amend. 80 § 3. It was through the exercise of this authority that this court adopted Rule 4-7, which establishes the parameters of Mr. Gray's due-process rights. The right to due process is guaranteed by both the Arkansas Constitution and the U.S. Constitution.
This court does not have jurisdiction to "review the record" and decide that Mr. Gray cannot prevail in his appeal. It is telling that the majority relies on Brown v. State , 2017 Ark. 232, 522 S.W.3d 791, as authority for this undertaking. Brown involved a declaratory-judgment action in which this court dismissed the appeal because there was no justiciable issue. Id. That disposition is consistent with other declaratory-judgment appeals. See, e.g. , Baptist Health Systems v. Rutledge , 2016 Ark. 121, 488 S.W.3d 507. It is disingenuous for the majority to call a declaratory judgment a "post-conviction" case simply because an incarcerated person filed it. The customary disposition-dismissal-of a declaratory-judgment appeal in which a jurisdictional element of the cause of action is found to be absent is not authority for dismissing a petition for writ of error coram nobis.
This court should never deny a litigant due process. Moreover, I, for one, am mindful that the right of access to the courts found in the Arkansas Constitution applies to the Arkansas Supreme Court as well.
I respectfully dissent.