JOHN D. KEMP, Chief Justice
This is an appeal from an order entered by the circuit court denying appellant Abraham Grant's pro se motion for relief from judgment filed pursuant to Rule 60 of the Arkansas Rules of Civil Procedure (2017). Grant's Rule 60 motion sought relief from the circuit court's order that had denied his pro se petition for writ of habeas corpus wherein he had alleged that the judgment of conviction in his criminal case was illegal on its face because he had been initially charged with first-degree murder but was convicted of capital murder.[1] Grant did not appeal the *815 order entered by the circuit court that denied his pro se petition for a writ of habeas corpus. As stated, this appeal is from the denial of his motion under Rule 60 only. After the record on appeal was lodged here, Grant filed a second pro se motion titled pro se motion for Arkansas Rule 60 (b) relief. In the body of his motion he references Rule 60(c) as a basis for this court to vacate the circuit court's ruling. In his motion, Grant asks this court to address the merits of his habeas petition despite the fact that he failed to file a notice of appeal from the order denying the habeas petition. Grant also subsequently filed a motion for default judgment pursuant to Arkansas Rule of Civil Procedure 55 (2017), wherein Grant alleges that he is entitled to a default judgment due to the State's failure to respond to his Rule 60 motion.
An appeal from an order that denied a petition for postconviction relief will not be permitted to go forward where it is clear that the appellant could not prevail. See Brown v. State , 2017 Ark. 232, 522 S.W.3d 791 (citing Justus v. State , 2012 Ark. 91, 2012 WL 664259 ). Rule 60(b) provides, in pertinent part, that the court may at any time correct clerical mistakes in judgments, decrees, or orders arising from oversight or omission. Because neither Rule 60(b) nor Rule 60(c) are applicable as an avenue for relief from a judgment of conviction or from an order that denies a petition for writ of habeas corpus or other request for postconviction relief, we dismiss the appeal, which renders the motion moot. Ibsen v.Plegge, 341 Ark. 225, 15 S.W.3d 686 (2000) (we know of no case in which the court has applied Rule 60 of the Arkansas Rules of Civil Procedure to a criminal proceeding); see also McCuen v. State , 338 Ark. 631, 999 S.W.2d 682 (1999) ; Baker v. Norris , 369 Ark. 405, n.2, 255 S.W.3d 466 n.2 (2007) (The Arkansas Rules of Civil Procedure have never been applied to postconviction proceedings nor do they apply to a postconviction habeas proceeding.).
Grant has cited no authority and provided no convincing argument to allow the application of Rule 60(b) or 60(c) as a means to set aside an adverse ruling with respect to a habeas petition, and we do not consider arguments that are not well taken. Gay v. State , 2016 Ark. 433, 506 S.W.3d 851. Grant failed to perfect an appeal from the denial of his underlying habeas petition, and for the reasons stated above, Grant is not entitled to postconviction relief through the application of Rule 60 of the Arkansas Rules of Civil Procedure. Finally, Grant has likewise provided no authority or convincing argument for his proposition that he is entitled to a default judgment pursuant to Rule 55 of the Arkansas Rules of Civil Procedure and, as stated above, we do not consider arguments that are not well taken. Id.
Appeal dismissed; motions moot.
Hart, J., dissents.
Josephine Linker Hart, Justice, dissenting.
Because I do not agree that "appeal dismissed; motions moot" is the proper disposition of this case, I must dissent from the majority opinion. Grant did not file a notice of appeal from the trial court's *816 denial of his habeas petition. Instead, Grant filed a notice of appeal from the trial court's order denying his Rule 60(c) motion, lodged the record with this court, and filed a document titled "Motion-Arkansas- Rule 60" that he plainly intended to serve as his argument on appeal, all in timely fashion. I see no reason why this court should not simply address Grant's arguments on the merits, and then "affirm" or "reverse" accordingly. Furthermore, I do not understand why this court is declaring "moot" Grant's motion for default judgment; said motion was filed in the circuit court, not the appellate court, and we lack jurisdiction to address it.
I dissent.

In 2003, Grant was found guilty by a jury of capital murder and first-degree battery. An aggregate sentence of life without parole was imposed. This court affirmed. Grant v. State , 357 Ark. 91, 161 S.W.3d 785 (2004). Grant's previous claim for postconviction relief that he was arrested for first-degree murder and subsequently charged with capital murder has been rejected by this court as a ground for coram nobis relief. Grant v. State , 2014 Ark. 466, 2014 WL 5784447 (per curiam). In denying his petition for coram nobis relief, this court noted that the issue had been previously addressed and rejected in an appeal from the denial of a petition filed by Grant pursuant to Arkansas Code Annotated section 16-90-111 (Repl. 2003). See Grant v. State , CR-07-784, slip. op., 2008 WL 616056 (Ark. Feb. 7, 2008).