### McMahan v. State.

### Opinion delivered January 8, 1912.

1. Elections—Time for holding municipal elections.—Under Kirby's Digest, section 5589, providing that elections for city officers in cities of the second class shall be held "on the first Tuesday in April, 1888, and on the same day every two years thereafter," a city of the second class which was raised from an incorporated town in June, 1908, was required to hold its next election on the first Tuesday in April, 1910, and persons voted for at a pretended election held in 1911 acquired no right thereby to the offices which they claim to hold thereunder. (Page 13.)

2. Same—Election held at wrong time—Curative act.—The act of April 23, 1909, "curing all defects and irregularities in the creation of cities of the second class," which provides "that all ordinances, resolutions and acts of the council of such cities, based upon their authority as cities of the second class, passed since said action of the

board of municipal corporations, are hereby cured and ratified and declared to be legal, binding and valid," was not intended to cure an ordinance of such council fixing a date for the election of city officers different from the uniform date prescribed by statute for such election. (Page 15.)

Appeal from Union Circuit Court; *George W. Hays*, Judge; affirmed.

### STATEMENT BY THE COURT.

This quo warranto proceeding was begun by the State, at the relation of her Attorney General and the prosecuting attorney of the Thirteenth Judicial Circuit in the Union Circuit Court, to oust appellants, the mayor and aldermen of El Dorado, a city of the second class, from office, it being alleged that they had usurped said offices and were holding them without right and legal authority.

The separate answer of the mayor and each of the aldermen denied that they had usurped office or had held the offices without right and authority; admitted that prior to the ............day of June, 1908, said city was an incorporated town, and that it was duly and legally raised to the grade of a city of the second class on said day; that thereafter it passed the necessary ordinances for the conduct and government of a city of the grade to which it was raised, and at the next annual period of election provided by law, the first Tuesday in April, 1909, an election was duly held for mayor, marshal, city treasurer and two aldermen from each ward, and that they were elected to said offices at said election for a term of two years; that they duly qualified and entered upon their respective duties and in due time thereafter, after regular notice, at a general city election held on the first Tuesday in April, 1911, by an order of the city council and after proclamation duly made and published, they were elected to said offices.

A demurrer to the answers was interposed and sustained, and from the judgment of ouster this appeal is brought.

*Marsh & Flenniken, Patterson & Green,* and *Powell & Taylor,* for appellants.

*J. B. Moore,* for appellee.

Kirby, J., (after stating the facts). It is claimed by the State that the election of 1911, at which appellants were elected to the offices held by them, was illegal and void, being

held at a time other than that prescribed by law for the holding of elections in cities of the second class, and conferred no right to the offices to which they were elected.

Section 5589 of Kirby's Digest provides: That the electors of cities of the second class "shall on the first Tuesday in April, 1888, and on the same day every two years thereafter elect one mayor," and the various other city officers, naming them.

El Dorado, an incorporated town, was raised to the grade of a city of the second class in June, 1908, and at the next regular annual period thereafter for the election of municipal officers in incorporated towns, the first Tuesday in April, 1909, it elected all its officers as a city of the second class, to which grade it had been raised, having, after notice of its elevation to such class of cities, duly made provision for its organization into such a city by by-laws and ordinances necessary to perfect such organization, as authorized under section 5428 of Kirby's Digest.

It is contended for appellees that by virtue of said section 5589 of Kirby's Digest, providing for elections in cities of the second class "on the first Tuesday in April, 1888, and on the same day every two years thereafter, the term of office of the officers elected for said city in 1909, at the next regular annual period for election of municipal officers of incorporated towns, was extended to two years, and that the election held in said city at the end of said term, at which appellants were elected to the city offices on the first Tuesday in April, 1911, was therefore a legal and valid election and entitled them to hold said offices. Said election of 1911 certainly was not held on said first Tuesday in April, 1888, nor on the same day any two years thereafter.

The act of 1887, of which said section 5589 is a part, expressly repealed all laws in conflict with it, and, being later than all other acts providing for election of officers of cities of the second class, necessarily repealed all former conflicting laws. If the officers elected at the annual period for election in incorporated towns in 1909 could hold for a term of two years in order that the next election should thereafter occur at the time prescribed by said section 5589, it must be held in 1912, thus, in effect, permitting a tenure of office of three years. While,

if the officers elected at said next annual period for election after the raising of the grade of the city, notwithstanding they were officers of a city of the second class and some other and different from officers of an incorporated town, were only entitled by such election to hold for a term of one year, the length of term for the officers of the town before its change of grade, their successors should have been elected in 1910, in an even year and at the time prescribed in said section 5589.

The evident purpose of said statute was to fix a uniform date for the holding of elections in all cities of the second class, providing that it shall be "on the first Tuesday in April, 1888, and on the same day every two years thereafter," and its meaning is so plain as to admit of no construction.

No violence is done to any provision of either law in thus holding that when an incorporated town is raised to a city of the second class and its next annual period for the election of officers of incorporated towns falls in an odd year, other than at the time fixed by said section 5589, the term of office of the officers elected thereat is but one year, as before the grade of the city was raised that the officers thereafter shall be elected at said uniform date as fixed for the election of officers in all cities of the second class.

The election under which appellants claim the right to hold the offices in question, having occurred in 1911 at a time other than that prescribed by law, was void, and they acquired no right by having been then elected to the officers which they claim to hold thereunder.

It is next contended that the curative act of April 23, 1909, had effect to validate the said election. This contention, however, is not sound, since that act, by its own terms, does not reach to such extent, although it declares: "that all ordinances, resolutions and acts of the council of such cities, *based upon their authority as cities of the second class*, passed since the said action of the board of municipal corporations, are hereby cured and ratified and declared to be legal, binding and valid." It was only intended to cure the informalities, irregularities, defects and errors committed in the organization of the city and to make valid all acts, resolutions and ordinances of the council of such cities as are within the authority of a city of the second class to pass. Certainly, it can not be extended to cover and

cure an ordinance made by such council fixing a date for the election of city officers different from the uniform date prescribed by statute for such election, a thing entirely beyond the power of a city of the second class to do. Such being the case, the judgment of ouster was right, and is affirmed.