## SULLIVAN *v.* STATE.

## Opinion delivered March 3, 1924.

1. HOLIDAYS—HOLDING COURT ON THANKSGIVING DAY.—It was not error to compel one accused of murder to go to trial on Thanksgiving Day, as the statute relative to that and certain other holidays has no reference to any other subject than the payment of bills of exchange, drafts or promissory notes.

2. HOMICIDE—VARIANCE BETWEEN ALLEGATION AND PROOF.—Under a charge of murder committed by shooting with a pistol, evidence of shooting with a gun is not materially variant, since the two weapons are substantially of the same character, capable of inflicting an injury of practically the same character in substantially the same manner.

3. HOMICIDE—SUFFICIENCY OF EVIDENCE.—Evidence *held* sufficient to sustain a conviction of murder in the second degree.

4. HOMICIDE—PRESUMPTION OF MALICE.—The law implies malice where there is a killing with a deadly weapon and no circumstances of mitigation, justification or excuse appear at the time of the killing.

5. HOMICIDE—HARMLESS INSTRUCTION.—An instruction as to murder in the first degree will not be deemed prejudicial, where the jury found accused guilty of murder in the second degree.

Appeal from Miller Circuit Court; *James H. McCollum,* Judge; affirmed.

*Pratt P. Bacon* and *Louis Josephs,* for appellant.

*J. S. Utley,* Attorney General, and *John L. Carter,* Assistant, for appellee.

HART, J. George Sullivan was indicted for murder in the first degree, charged to have been committed by killing Pete McKellar. He was convicted of murder in the second degree, and his punishment fixed by the jury at imprisonment in the penitentiary for five years. From the judgment and sentence of conviction the defendant has duly prosecuted an appeal to this court.

Counsel for the defendant first contend that the judgment should be reversed because the court compelled him to go to trial on Thanksgiving Day.

The Legislature of 1838 provided that, where bills of exchange, drafts or promissory notes shall become payable on Sunday, Fourth of July, or Christmas, the same shall be payable on the day next preceding such Sunday, Christmas, or Fourth of July. This act of the Legislature became § 481 of Sandels & Hill's Digest.

The Legislature of 1895 amended § 481 of Sandels & Hill's Digest by adding Thanksgiving Day and some other days to the list of days mentioned in the section. Since that time other holidays have been designated by statute, but they have in no sense amended the act of April 19, 1895. The reading of the act of 1895 shows clearly that it has no reference to any other subject than the payment of bills of exchange, drafts or promissory notes becoming due on the days designated in the statute. Acts of 1895, p. 192. Hence the statute does not even make Thanksgiving Day a legal holiday for any purpose than that named in the act. Therefore the court could try cases on that day as well as on any other juridical day.

The next assignment of error is that there was a variance between the charge in the indictment and the proof in the case. The indictment charges that George Sullivan killed Pete McKellar by shooting him with a pistol. The alleged variance between the charge and the proof is that the evidence does not show whether a pistol or gun was used by the defendant in killing McKellar. This did not make any difference. Where the instrument described in the indictment and that proved are substantially of the same character, capable of inflicting practically the same nature of injury in substantially the same manner, there is no variance. Proof of shooting with a pistol will sustain an averment of shooting with a gun, and *vice versa.* Underhill on Criminal Evidence, 3 ed. § 493; 30 C. J. p. 136; 13 R. C. L. § 207, p. 902; Michie on Homicide, vol. 1, § 142, p. 561; *Elliott* v. *State,* (Okla.), 140 Am. St. Repts. 683; *State* v. *Smith* (Me.), 54 Am. Dec. 578; *State* v. *Dame* (N. H.), 35 Am. Dec. 495; *Blankenship* v. *Commonwealth* (Ky. App.), 66 S. W. 994; *Brown* v. *State* (Tex. Crim. App.), 65 S. W. 529; *Douglass* v. *State* (Tex. Cr. App.), 8 Am. St. Rep. 459; *Turner* v. *State* (Ala.), 12 So. 54; and *Drummer* v. *State* (Fla.), 33 So. 1008. It follows that the assignment of error is not well taken.

The evidence is sufficient to support the verdict. According to the testimony of the witnesses for the State, Pete McKellar was found dead near Era, in Miller County, Arkansas, on the 4th day of September, 1922. There was one bullet-hole through his nose and two bullet-holes in his back. The wounds thus inflicted caused his death. His body was found early in the morning, lying on the ground. On the evening before the finding of his body, Pete McKellar was seen leaving a store at Era with the defendant, George Sullivan. McKellar remarked to a neighbor who passed them that they were going to a spring near by. About ten minutes afterwards several shots were heard in the direction where the defendant and McKellar went, and McKellar's body was found at the same place the next morning.

Shortly after the shots were fired the defendant was seen leaving the place by himself. The shooting occurred between sundown and dark. One of the bullets fired into McKellar's body was extracted from it after his death. A short time before the killing the defendant was heard to say that he was afraid of McKellar and others; that, in some places where he had lived, if a man got to know too much, he would come up missing. The defendant had some whiskey with him at the time, and referred to the fact that. McKellar knew too much about whiskey being made in the neighborhood. McKellar and the defendant lived close together, in the same neighborhood.

The law implies malice where there is a killing with a deadly weapon and no circumstances of mitigation, justification or excuse appear at the time of the killing. *Young* v. *State,* 99 Ark. 407, and *Fields* v. *State,* 154 Ark. 188. The defendant was the last person seen with the deceased before his death. They were going in the direction of a spring, and four or five gun or pistol shots were heard in about ten minutes thereafter. In about ten minutes after the shots were fired the defendant was seen going away from that direction, alone. The body of the deceased was found there the next morning, with three bullet wounds in it. Two of them were in his back. Proof of death under such circumstances fully justified a conviction of the defendant of murder in the second degree.

It is also insisted by counsel for the defendant that the court erred in instructing the jury. One of the instructions complained of was upon murder in the first degree. The jury found the defendant guilty of murder in the second degree, and thus acquitted him of murder in the first degree. Hence this instruction could have been in no manner prejudicial to the defendant at the trial. The other instruction complained of was upon murder in the second degree, and the only objection made to it is that there was no evidence upon which to base it. It is claimed that the jury could not find that the defend-

ant shot and killed the deceased, as alleged in the indictment, because there is no direct testimony tending to show what kind of gun was used, and the indictment charged that the defendant used a pistol in killing the deceased. As we have already seen, the kind of firearm used was immaterial. Any person of ordinary intelligence would understand that some sort of firearm was used in the shooting, and it could make no difference, under the authorities cited above, whether it was a gun or a pistol.

We find no reversible error in the record, and the judgment will be affirmed.