McDoniel v. Edwards.

4-5560                                                128 S. W. 2d 1007

Opinion delivered May 15, 1939.

S. M. Casey and Shields M. Goodwin, for appellants.

S. C. Knight, for appellees.

Humphreys, J.   Big Bottom Fencing District was created in Independence county by special act No. 41 of the Acts of 1891, the assessors of the district, three in

number, being named in the act to serve until the first Saturday in January, 1892.

Section 3 of the act provides that the landowners in the district shall, on the first Saturday in January of each alternate year, beginning with the year 1892, elect three of their members (landowners) as a board of assessors.

On Saturday, February 19, 1938, appellants, J. F. Cossey, W. E. McDoniel and R. L. Sliger were unanimously elected assessors of the district and qualified as same. After qualifying and organizing they demanded that appellees, who were elected assessors in 1936, surrender and turn over to them all books, records, moneys, accounts and property of the district which demand was not complied with.

On the first Saturday in January, 1939, appellants, W. E. McDoniel, L. S. Cash and W. A. Barber were unanimously elected assessors of the district and qualified as such. After qualifying and organizing they also demanded that said appellees surrender to them all books, records, moneys, accounts and property of the district, which demand was not complied with.

This suit was brought by appellants against appellees in the circuit court of Independence county to oust appellees and recover the possession of the offices and property of the district under the allegations of appellants that they were legally elected as assessors of said district either in the election of 1938 or 1939 and are, therefore, entitled to the offices and property of the district.

Appellees filed an answer denying that appellants were elected assessors on the day provided in the act creating the district in either election and for that reason were not legally elected assessors and not, therefore, entitled to the offices or property of the district.

The case was tried on an agreed statement of facts which was incorporated in the judgment resulting in a dismissal of the complaint over appellants' objection and exception, from which is this appeal.

The main and controlling question arising on this appeal is whether appellants are entitled to the offices and property of the district in view of the undisputed fact that both elections were held on different days from the day provided in special act No. 41 of the Acts of 1891 creating the district. Said act provides that the landowners within the district shall elect three of their number (landowners) as a board of assessors on the first Saturday in January, 1892, and each alternate year thereafter.

As stated above according to the undisputed facts the election held in 1938 was on the 19th day of February and not the first Saturday in January and the election held on the first Saturday in January, 1939, was not held in an even-numbered year or an alternate year as provided by said act. Both elections, therefore, were void. This court said in the case of *Simpson* v. *Teftler*, 176 Ark. 1093, 5 S. W. 2d 350, that: "The first question to be determined is whether the election held on August 11, 1925, was void, the act requiring the election to be held on the first day of April, 1925. When the Legislature fixes the time, names the day on which an election shall be held, said election must be held on that day. The holding of an election on any other day than that named by the Legislature is not authorized and the election is void."

The instant case is ruled by the case cited.

The judgment is, therefore, affirmed.