SHAW *v*. STATE OF INDIANA.

[No. 29,728. Filed March 4, 1959.]

*Bohannan & Burton,* of Anderson, for appellant.

*Edwin K. Steers,* Attorney General and *Merl M Wall,* Assistant Attorney General, for appellee.

ARTERBURN, J.—The appellant was charged with assault and battery with intent to commit a felony, namely, murder, under Section 10-401, Burns' 1956 Repl. He was tried to a jury and found guilty as charged and sentenced to the Indiana State Prison for a period of not less than one nor more than ten years.

Appellant assigns error in the overruling of a motion for a new trial in which he contends that the verdict of the jury is contrary to law and is not sustained by sufficient evidence. Appellant insists that there is a material variance and failure of evidence "in that the affidavit alleges that appellant attempted to murder Phelps by striking and beating him with his fists and by kicking him with his feet while shod with heavy leather shoes, and the evidence as presented by the State sets forth that appellant struck Phelps with his fists and kicked him, *but does not prove by any witness that appellant was shod with heavy leather shoes.*" (Our italics)

The affidavit alleges that the appellant:

"did then and there unlawfully and feloniously commit a violent injury upon the person of Arthur Richard Phelps, he, the said Harold Lee Shaw, then

and there having the present ability to commit said injury by then and there unlawfully, feloniously, purposely, and with premeditated malice, striking, beating and kicking the person of Arthur Richard Phelps with his fists and his feet while shod with heavy leather shoes . . ."

We have examined the record and there appears to be no evidence as to the kind of shoes which the appellant wore at the time of the alleged kicking. The evidence, however, is ample to show that the appellant did repeatedly strike and beat Arthur Richard Phelps and also kick him when he was knocked off a stool by the striking and beating.

The question of material variance was examined and reviewed quite exhaustively in the case of ■ *Madison* v. *State* (1955), 234 Ind. 517, 130 N. E. 2d 35.

We said in that case: (p. 547)

"In other words it seems to be well settled in this state and most jurisdictions that the accepted rule in determining the materiality of a variance in a criminal proceeding is that it must be of such substantial character as to mislead the accused in preparing and maintaining his defense or the variance is of such a degree as is likely to place him in second jeopardy for the same offense."

No claim is made here that the appellant was misled in preparing his defense by the charge that his feet were shod with heavy leather shoes at the time of the alleged kicking; nor is there any risk that he will be placed in jeopardy for this same offense a second time.

It has been held that an allegation in a charge that a gun was used instead of a pistol, a revolving pistol instead of an automatic pistol, a shovel instead ■ of a stone, leaden bullets instead of steel, or TNT instead of nitroglycerin are not fatal variances in criminal proceedings, *Madison* v. *State* (1955), 234

Ind. 517, 130 N. E. 2d 35; *State* v. *Spahr* (1917), 186
Ind. 589, 117 N. E. 648; *Sullivan* v. *State* (1924), 163
Ark. 353, 258 S. W. 980; *State* v. *Barr* (1937), 340 Mo.
738, 102 S. W. 2d 629; *State* v. *Webb* (1914), 254 Mo.
414, 162 S. W. 622.

Likewise it follows that whether the appellant used
his bare feet or his feet while shod with any kind of
shoes at the time of the attack by kicking is not
a material variance insofar as an assault and
battery is concerned. Any touching, however
slight, may constitute an assault and battery. Neither
the degree of force used nor the injury sustained is
material to the proof of an assault and battery, although
it may have some bearing upon the intent to commit a
felony or murder. No question is raised as to the suffi-
ciency of the evidence on that point. *Hamilton* v. *State*
(1957), 237 Ind. 298, 145 N. E. 2d 391.

We further point out that the charge is made in the
conjunctive and that it has been held that proof of
any one of the alleged acts of striking, beating,
or kicking would constitute an assault and bat-
tery and be sufficient to sustain the proof in that
particular. There is ample proof of both the beating
and kicking in this case to sustain the conviction. *How-
ard* v. *State* (1921), 191 Ind. 232, 131 N. E. 403; *Sloan*
v. *State* (1873), 42 Ind. 570; *Cooprider* v. *State* (1941),
218 Ind. 122, 31 N. E. 2d 53, 132 A. L. R. 553; 5 Whar-
ton's Criminal Procedure, sec. 2056, at p. 203.

We find no fatal variance and further find the evi-
dence is sufficient to sustain the verdict.

Judgment affirmed.

Landis, C. J., and Achor, Bobbitt and Jackson, JJ.,
concur.

NOTE.—Reported in 156 N. E. 2d 381.