GENE G. McCOY *v.* GUY H. STORY ET AL

5-4389                                              417 S. W. 2d 954

Opinion delivered September 11, 1967

*John P. Gill*, for appellant.

*John W. Bailey*, for appellees.

CARLETON HARRIS, Chief Justice. This appeal relates to the validity of an Executive Proclamation issued by the Governor of Arkansas on May 24, 1967, and directed to the Pulaski County Board of Election Commissioners, calling a special election for November 7, 1967. The pur-

pose of the special election is to elect a County Judge for Pulaski County, Arkansas. Appellee, Guy H. Story, instituted a taxpayer's suit against the Board of Election Commissioners, seeking to restrain expenditures by the commission for such an election, and further seeking a declaratory judgment that the Governor's proclamation was null and void. Gene G. McCoy, a voter, and appellant herein, by leave of the court, intervened, and sought judgment declaring the Governor's proclamation to be valid. After the filing of additional pleadings by the parties, a written stipulation of fact was entered into, and the cause submitted to the trial court. That court held that the Governor's proclamation was null and void, and of no effect, and the appellant's intervention was denied and dismissed for the reason that there is no statute authorizing the election. From the the judgment so entered, appellant brings this appeal. For reversal, it is contended that Article 19, Section 5, of the Arkansas Constitution authorizes the election as called by the Governor.

Background of the litigation is as follows:

R. A. (Arch) Campbell duly assumed the office of County Judge on January 1, 1965, which term of office would normally have expired on January 1, 1967.

Tom Gulley was elected to the office of County Judge of Pulaski County, Arkansas, at a general election held on November 8, 1966, for a two year term beginning January 1, 1967. Mr. Gulley died November 24, 1966, prior to qualifying for the office to which he was elected.

R. A. (Arch) Campbell, the incumbent County Judge for Pulaski County, held over in office, and is still holding said office, pursuant to the Supreme Court decision in *Justice* v. *Campbell,* 241 Ark. 802, 410 S. W. 2d 601.

Article 19, Section 5, relied upon by appellant, provides as follows:

"All officers shall continue in office after the expiration of their official terms until their successors are elected and qualified."

Appellant asserts that this provision is self-executing, *i. e.*, it requires no implementation by the General Assembly, and this is the sole contention advanced by by appellant.

In *Griffin* v. *Rhoton,* 85 Ark. 89, 107 S. W. 380, quoting Judge Cooley, we stated:

"* * * A Constitutional provision may be said to be self-executing if it supplies a sufficient rule by means of which the right given may be enjoyed and protected, or the duty imposed may be enforced; and it is not self-executing when it merely indicates principles, without laying down rules by means of which those principles may be given the force of law."

It is at once apparent that the constitutional language here under discussion, to paraphase *Griffin,* only indicates a principle, viz., that a successor should be elected, and it is equally clear that no rules are laid down concerning such election which can be given the force of law. In other words, no method or procedure is afforded by which the right to elect may be enjoyed. Mainly, there is no mention of *when* such an election should be held, and the importance, and necessity, of this requirement will be subsequently pointed out. In fact, the reasoning set forth in this paragraph explains why, in *Justice* v. *Campbell, supra,* after holding that Article 19, Section 5, contemplated the filling of the term by an election, that we further stated:

"There are numerous instances in which legislation is appropriately enacted to implement the requirements of the Constitution."

Appellant now asserts that our holding, in effect, interpreted Article 19, Section 5, to read:

"All officers shall continue in office after the expiration of their official terms until their successors are elected *at a special election* and qualified."

We do not agree. Article 7, Section 29, of the Arkansas Constitution provides that the judge of the county court shall be elected by the qualified electors of the county for a term of two years. This election is covered in Article 3, Section 8, which sets out that general elections shall be held biennially, and the General Assembly may fix the time.[1] Amendment 29 to our Constitution[2] provides for the filling of vacancies, but here, of course, all parties agree that no vacancy exists, and appellant likewise agrees that there is no statutory provision for a special election under the circumstances here at issue.

In urging that this court should adopt the interpretation (of Article 19, Section 5) set out in the italicized phrase, appellant states:

"In the instant case, if the judgment below is affirmed, the Legislature will indeed be authorized to continue any officer in office for an indefinite period simply by not providing for elections for his successor."

---

[1]Originally, Section 8 set the general election for the first Monday of September, but the General Assembly, under the authority of the amendment, changed the date of such elections to the Tuesday next after the first Monday in November, in every second year, and this applies to all elective state, county, and township officers "whose term of office is fixed by the Constitution or General Assembly at two (2) years."

[2]Amendment 29 provides that vacancies (except those occurring in the offices of Lieutenant Governor, members of the General Assembly, and Representatives in the Congress of the United States) shall be filled by appointment by the Governor. It will be observed that except for the offices enumerated in parenthesis, the people, in passing this amendment, set forth this manner of filling vacancies in constitutional offices, rather than by special elections.

Two cases from other states[3] are cited as authority by appellant for his position, but we consider neither case in point, and at any rate, our own cases are contrary to appellant's position.

Let it first be said that the quoted argument is plainly erroneous, for failure of the Legislature to act will *not continue the present Pulaski County Judge in office for an indefinite period of time*—rather, the failure to act only continues him in office until the general election in November, 1968.[4] Our early case of *Merwin* v *Fussell*, 93 Ark. 336, 124 S. W. 1021, uses language which is entirely pertinent to the case at hand. There, quoting McCrary on Elections, we said:

" '* * * it must be conceded by all that time and place are the substance of every election,' and that 'it is, of course, essential to the validity of an election that it be held at the time and in the place provided by law.' "

It is further stated:

"The authority to hold an election at one time will not warrant an election at another time, and an election held at a time not fixed by the law itself will be void."

The matter is governed purely by statute, of course, because the system of elections followed in the United States was unknown to the common law.

Article 19, Section 5, of our Constitution does not specifically order an election, nor does it fix any time for holding such an election, and this being true, the language of our court in *Simpson* v. *Teftler*, 176 Ark. 1093, 5 S. W. 2d 350, is completely applicable:

---

[3]*State* v. *Thoman*, 10 Kansas 191 (1872); and *Gray* v. *Bryant*, 125 So. 2nd 846.

[4]Of course, the successor to the present judge would not take office until the following January.

"The Legislature alone had authority to provide for an election, and any election held without authority is a nullity."

*Justice* v. *Campbell, supra,* is here controlling. In that opinion, we stated that implementary legislation by the General Assembly was necessary; had we felt otherwise, we would simply have held that the Constitution directed that an election be held forthwith.

Affirmed.