DONALD LANGSTON *v.* ROBERT W. JOHNSON

73-191                                            504 S.W. 2d 349

Opinion delivered January 28, 1974

*Herby Branscum Jr.,* for appellant.

*William G. Fleming,* for appellee.

JOHN A. FOGLEMAN, Justice. Appellant Langston filed with the Perry County Board of Election Commissioners a petition nominating him for the office of Mayor of Bigelow prior to the General Election in 1972. Ballots were printed and an election held on November 7, 1972. More votes were cast for Langston than for a write-in candidate named Brown. When the incumbent mayor, Johnson, continued to act as such in 1973, Langston applied to the Circuit Court of Perry County, Arkansas, for a writ of mandamus commanding Johnson to cease to act as mayor and prayed that Johnson be required to show his claim to the office and that the trial court determine which of the two parties was mayor of Bigelow. Johnson answered that he had been duly elected and qualified as mayor; and prayed dismissal of Langston's complaint. The circuit court held that Bigelow, an incorporated town, should elect a mayor only in every fourth year, commencing with 1966, and that Langston had no claim to the office.

On appeal, Langston contends the court erred in so holding and in holding there was no statutory authority for an election in Bigelow in 1972. We agree with the circuit judge. Arkansas Statutes Annotated § 19-1201.1 (Repl. 1968) provides that the qualified electors of incorporated towns shall elect a mayor on the Tuesday following the first Monday in November 1966 and every four years thereafter. An election held without statutory authority is a nullity and authority to hold an election at one time will not warrant an election at another. *McCoy* v. *Story,* 243 Ark. 1, 417 S.W. 2d 954; *McDoniel* v. *Edwards,* 198 Ark. 288, 128 S.W. 2d 1007; *Simpson* v. *Teftler,* 176 Ark. 1093, 5 S.W. 2d 350. Application of the cited authorities, particularly *McDoniel,* dictated the dismissal of Langston's complaint.

We do not understand how the provisions of Ark. Stat. Ann. § 19-1202 and Ark. Stat. Ann. § 19-1206 (Repl. 1968) required that an election for mayor be held in Bigelow in 1972. Even if these sections otherwise would have required an election in 1972, there is nothing what-

ever in this record to show that the city council appointed Johnson mayor. The prohibition in § 19-1202 against an appointed officer serving beyond the term of the council making the appointment could not be applied in this case, even if it were otherwise applicable to the office of mayor, for the further reason that nothing in this record shows that the term of the Bigelow council had expired. In order to maintain his action, appellant had the burden of showing his own entitlement to the office. Ark. Stat. Ann. § 34-2203 (Repl. 1962). See *Jones* v. *Duckett*, 234 Ark. 990, 356 S.W. 2d 5; *State* v. *Hagemeister*, 161 Neb. 475, 73 N.W. 2d 625 (1955); *Saylor* v. *Rock Castle County Board of Education*, 286 Ky. 63, 149 S.W. 2d 770 (1941); *Hermann* v. *Lampe*, 175 Ky. 109, 194 S.W. 122 (1917); *Tillman* v. *Otter*, 93 Ky. 600, 20 S.W. 1036 (1893); *State* v. *Ellington*, 117 N.C. 158, 23 S.E. 250 (1895).

Appellant also argues that the court erred in not requiring Johnson to show his entitlement to the office. It is sufficient to say that Johnson was not required to make this showing until appellant had met the burden of showing his entitlement to the office, because appellant was not otherwise entitled to maintain the action. Under the authorities above cited, appellant could only succeed upon the strength of his own title, not the weakness of Johnson's.

The judgment is affirmed.

HARRIS, C.J., not participating.