The Honorable Jim Stallcup Prosecuting Attorney P.O. Box 627 225 Elm Walnut Ridge, Arkansas 72476
Dear Mr. Stallcup:
This is in response to your request for an opinion concerning the office of recorder-treasurer in the City of Diaz. Specifically, you note that Diaz is a city of the second class, and that an election was held in 1986 to elect the record-treasurer for a term of four years. You also note that A.C.A. 14-44-115 provides that an election for this office was to be held on the Tuesday following the first Monday in November 1972, and every four years thereafter. Given this statute, you have concluded that the election was held in the wrong year.
Your questions pertinent to these facts are as follows:
 Since the election was held in the wrong year, should a vacancy be declared in this office? If so, is it up to the City officials or the Jackson County Election Commission to declare a vacancy? If not, would the incumbent office holder continue to hold office for another two (2) years until the correct election year of 1992?
The statute you have noted, A.C.A. 14-44-115, provides as follows:
 The qualified voters of cities of the second class shall, on the Tuesday following the first Monday in November, 1972, and every four (4) years thereafter, elect a recorder or a recorder-treasurer, as the case may be, for a term of four (4) years.
The statute immediately following this statute in the Code, A.C.A. 14-44-116, provides as follows:
 Whenever a vacancy shall occur in the office of recorder in any city of the second class, at the first regular meeting after the occurrence of the vacancy, the city council shall proceed to elect, by a majority vote of all the aldermen, a recorder to serve for the unexpired term.
Your first question is whether a vacancy should be declared in the office of recorder-treasurer in Diaz; and if so, which entity has the authority to declare the vacancy: the "city officials" or the county election commission.
It should be initially noted that indeed the election by which the current incumbent holds office was void. It was stated in Simpson v. Teftler, 176 Ark. 1093, 5 S.W.2d 350
(1928) that:
 When the Legislature fixes the time, names the day on which an election shall be held, said election must be held on that day. The holding of an election on any other day than that named is void.
176 Ark. at 1096. See also, McMahan v. State, 102 Ark. 12
(1912); McDoniel v. Edwards; 198 Ark. 288, 128 S.W.2d 1007
(1939); McCoy v. Story, 243 Ark. 1, 417 S.W.2d 954 (1967); and Langston v. Johnson, 255 Ark. 933, 504 S.W.2d 349 (1974).
This fact by itself, however, does not in my opinion operate to create a "vacancy". That term has been defined, at least in one context, as meaning "offices which on account of death, resignation, removal or abandonment of the previous holder thereof, or for some other cause, have in fact no incumbent." Justice v. Campbell, 241 Ark. 802, 410 S.W.2d 601
(1967) at 804. It was also stated therein that:
 As a general rule, there is a vacancy in office whenever there is no incumbent to discharge the duties of the office, that is, whenever the office is empty or unfilled; but as long as there is any one authorized to discharge the duties of the office, the office is not to be deemed vacant so as to authorize the exercise of the power to fill vacancies in office. [Citations omitted.]
241 Ark. at 805-806, citing Rice v. Palmer 78 Ark. 432,96 S.W.2d 396 (1906) (Riddick, J. concurring.)
Although the city council is given the express authority to fill vacancies in the office of recorder by A.C.A. 14-44-116, that authority does not include the power to declare that a vacancy exists. See, e.g. State ex rel. Dosland v. Holm,202 Minn. 500, 279 N.W. 218 (1938), and Patten v. Miller,190 Ga. 123, 8 S.E.2d 757 (1940).
Under present law, no entity is statutorily authorized to declare that a vacancy exists in the office of recorder-treasurer in a city of the second class. This being the case, it is up to someone claiming possession of the office, that is, someone with standing, to institute a suit to oust the incumbent. Additionally, the Attorney General is authorized by A.C.A. 16-118-105 (b)(3)(B), (the "usurpation statute"), to institute an action to oust the usurper. After either one of these legal proceedings is completed, there presumably would be a "vacancy: in office, at which point the city council, according to A.C.A. 14-44-116, could appoint a successor to hold office until the next correct election date. Absent one of these two occurrences, it is my opinion that the incumbent may continue to hold office until his successor is elected and qualified, (that is at the next proper election date). See Goodwin, 82 Ark. 341, 101 S.W.2d 752
(1907).
The foregoing opinion, which I hereby approve, was prepared by Assistant Attorney General Elana L. Cunningham.
Sincerely,
RON FIELDS Attorney General
RF:arb