Mr. Allan G. Watson, Chairman Calhoun County Election Commission P.O. Box 184 Harrell, Arkansas 71745
Dear Mr. Watson:
This is in response to your request for an opinion on whether the Calhoun County Election Commission can count and certify the votes cast for an independent candidate for mayor of a second class city. You indicate that the independent candidate has filed and his name appears on the ballot at the November 3, 1992 election.
It is my opinion that if the election commission counts and certifies the votes cast for mayor on November 3, 1992, it will be expending time and effort needlessly, as any votes cast for mayor on this date would be void. This conclusion presumes, however, that the candidate has not filed for election at any special election for mayor, properly called and noticed, which coincides with the date of the general election on November 3, 1992.
It is my understanding that this question concerns the position of mayor in Harrell, Arkansas. You indicate that Harrell, Arkansas is a city of the second class. According to my information, it is an incorporated town. In any event, the relevant law is identical with regard to both cities of the second class and incorporated towns. Section 14-44-105, applicable to cities of the second class, provides that:
 The qualified voters of cities of the second class shall, on the Tuesday following the first Monday in November 1966, and every four (4) years thereafter, elect a mayor for a term of four (4) years.
Section 14-45-104 of the Arkansas Code, which is applicable to incorporated towns, provides that:
 The qualified electors in incorporated towns shall, on the Tuesday following the first Monday in November 1966, and every four (4) years thereafter, elect a mayor for a term of four (4) years.
It is apparent from a reading of either of these provisions that mayors are not to be regularly elected in either cities of the second class or incorporated towns in November of 1992. Pursuant to the statutes, the regular elections for mayor are to be held in November of 1966, 1970, 1974, 1978, 1982, 1986, 1990, and 1994, etc. . . .
Additionally, it has been held that:
 When the legislature fixes the time, names the day on which an election shall be held, said election must be held on that day. The holding of an election on any other day than that named is void.
Simpson v. Teftler, 176 Ark. 1093, 1096, 5 S.W.2d 350 (1928).See also Langston v. Johnson, 255 Ark. 933, 504 S.W.2d 349
(1974); McCoy v. Story, 243 Ark. 1, 417 S.W.2d 954 (1967); andMcDoniel v. Edwards, 198 Ark. 288, 128 S.W.2d 1007 (1939).
It is my opinion, therefore, that under these statutes, any attempt to regularly elect a mayor in Harrell, Arkansas on November 3, 1992, would be void. Of course, the year and date requirements set out by the statutes above would not apply to any special election held to elect a mayor.
The foregoing opinion, which I hereby approve, was prepared by Assistant Attorney General Elana C. Wills.
Sincerely,
WINSTON BRYANT Attorney General
WB:cyh