The Honorable Marilyn Edwards State Representative 2330 North Juneway Terrace Fayetteville, Arkansas 72703-2915
Dear Representative Edwards:
I am writing in response to your request for an opinion on the following question:
 The cities of Farmington and Prairie Grove are attempting to annex the same territory. Arkansas Code § 14-40-303(f) specifies the procedure to be used when two cities hold elections to annex the same territory. If voters in both elections approve of the annexation, then a third election shall be held three weeks after the second election.
 In the current situation, Prairie Grove is scheduled to hold the second annexation election on December 11, 2007. Applying the formula stated in Arkansas Code § 14-40-303(f), this means that the third election should be held on January 1, 2008. Are the cities required to hold the election on a legal holiday? I note that Arkansas Code 7-1-108 provides that if an election law deadline falls on a Saturday, Sunday, or legal holiday, the deadline shall be on the next day which is not a Saturday, Sunday, or legal holiday. Consistent with this provision, should the election occur on Wednesday, January 2, 2008? *Page 2 
RESPONSE
The answer to your question is unclear under current law. As a general rule, statutes setting the times for holding elections are mandatory and an election held at a time other than provided by the applicable statute is void. In addition, in the absence of any statutory prohibition, it is generally held that official governmental actions may take place on holidays. It is certainly conceivable, therefore, that the election could take place on January 1, in the absence of any other statutory provision or prohibition. With regard to A.C.A. § 7-1-108, which extends "election law deadlines" to the day after a Saturday, Sunday or legal holiday, it is unclear whether this provision applies to a statute setting the precise day for holding an election (such as A.C.A. §14-40-303(f)(2)(B)(ii)), as opposed to a statute setting a period of time within which to complete some election-related filing or task. The former might not be viewed as a "deadline" as nearly as the latter. In light of the uncertainty, and the consequences of holding the election on the improper date, I cannot conclude that city officials are clearly authorized to schedule the election on January 2, 2008. As a result, the city should consider court clarification and authorization before conducting the election.
Question 1 — Are the cities required to hold the election on a legalholiday?
As you note, A.C.A. § 14-40-303 is the applicable statute governing the annexation elections in question. Where two separate cities wish to annex the same territory, and in fact conduct elections of the cities' voters and the voters of the area to be annexed, a third election may be required, depending upon whether the outcome of each previous election is positive. A.C.A. § 14-40-303(f)(2)(B)(ii) (Supp. 2007). In the third election, the voters of the area sought to be annexed essentially choose the city to which they wish to be annexed. A.C.A. § 14-40-303(f)(2)(B)(v). The first two elections are required to be scheduled in accordance with A.C.A. § 7-5-103 (b), a general election law statute requiring most all special elections to be held on the second Tuesday of any month. See
A.C.A. § 14-40-303(b)(1) and (f)(1), each citing A.C.A. § 7-5-103(b). Under 7-5-103(b), if the second Tuesday of any month occurs on a legal holiday, the election is to be scheduled a week later, on the third Tuesday of the month. A.C.A. § 7-5-103(b)(3). The applicable annexation statute, however (A.C.A. § 14-40-303(f)), expressly makes A.C.A. §7-5-103(b) inapplicable to the scheduling of the third annexation election. (See A.C.A. § 14-40-303(f)(2)(B)(ii) (stating that "[t]he provisions of § 7-5-103(b) governing the procedures and dates on which special elections may be held shall not apply to the *Page 3 
third annexation election provided in this subsection.")) There is thus no provision made in A.C.A. § 14-40-303(f) for an alternate election date, if the required three weeks after the second election falls on a Saturday, Sunday, or as in this case, a legal holiday.[1]
In addressing your first question regarding whether the cities are required to hold the election on a legal holiday, it is clear, as an initial matter, that an election held any time other than that provided by law is void. See Langston v. Johnson, 255 Ark. 933, 504 S.W.2d 349
(1974); McCoy v. Story, 243 Ark. 1, 417 S.W.2d 954 (1967); McDoniel v.Edwards; 198 Ark. 288, 128 S.W.2d 1007 (1939); Simpson v. Teftler,176 Ark. 1093, 5 S.W.2d 350 (1928); and McMahan v. State, 102 Ark. 12
(1912). As stated in Simpson, supra:
 When the legislature fixes the time, names the day on which an election shall be held, said election must be held on that day. The holding of an election on any other day than that named is void.
Id. at 1096.
In addition, it has been held as a general matter, in the absence of any prohibitory statute, that official actions may take place on holidays. See, e.g., 40 C.J.S. Holidays § 6 and Sullivan v. State,163 Ark. 353, 258 S.W. 980 (1924) (finding no error in requiring defendant to go to trial on Thanksgiving Day, where former statute similar to current A.C.A. § 1-5-105 ("All bills of exchange, drafts, or promissory notes which shall become payable on a legal holiday shall be payable on the day next succeeding the holiday") did not make Thanksgiving a holiday for *Page 4 
criminal trials, as it was not a purpose named in the statute). Absent some statute authorizing the holding of the election on a different day, or prohibiting it from occurring on a holiday, the cities would be required to hold the election on January 1st.
A similar issue was discussed in State ex rel. Sizemore v. StateElection Board, 203 Okla. 1, 217 P.2d 805 (1950), in which the Oklahoma Supreme Court held that the regular primary election must be held on July 4, 1950, instead of July 5, 1950. The applicable statute required the primary to be held on the first Tuesday in July, which in 1950 fell on July 4th. The plaintiff contended that another statute impliedly amended this requirement so that the election could be held on July 5th. The statute in question provided that "Any act authorized, required, or permitted to be performed on a holiday . . . may be performed on the next succeeding business day and no liability or loss of rights of any kind shall result from such delay." The title of the statute was "An act designating holidays and regulating the transaction of business thereon. . . ." The Oklahoma Supreme Court held that the latter statute relating to the "transact[ing] of business" did not apply to the election statute, and as a consequence, the election was required to be held on the July 4th holiday. The court relied upon the proposition that "Statutes commanding the suspension of official business on holidays should be construed so as to prohibit only such acts as are in express terms or by clear implication within the purview of the act." Id. at 806-07.
The pertinent inquiry, as you note, similarly revolves around whether any other statute allows or requires a date different from the legal holiday. The pertinent issue in this instance involves the applicability of A.C.A. § 7-1-108, discussed below in response to your second question.
Question 2 — I note that Arkansas Code 7-1-108 provides that if anelection law deadline falls on a Saturday, Sunday, or legal holiday, thedeadline shall be on the next day which is not a Saturday, Sunday, orlegal holiday. Consistent with this provision, should the election occuron Wednesday, January 2, 2008?
Because A.C.A. § 14-40-303 contains no provision for moving the date of the third election where it occurs on a holiday, your question is whether a separate statute in the general election laws governs the issue. Section 7-1-108, as you note, states that "If an election law deadline occurs on a Saturday, Sunday or legal holiday, the deadline shall be the next day which is not a Saturday, Sunday, or legal holiday." *Page 5 
This statute was adopted in 1999 (see Acts 1999, No. 653), along with a companion Act amending Arkansas Constitution, Amendment 51 to the same effect. See Acts 1999, No. 654. This statute appears to have general applicability to any "election law deadlines." An issue arises, however, as to whether a statute setting a required election date, such as A.C.A. § 14-40-303(f)(2)(B)(ii) (requiring the third election to be set "three weeks" after the second election), constitutes an "election law deadline" within the meaning of A.C.A. § 7-1-108, so as to allow the moving of the third election from New Year's Day to the following day. The question is one of legislative intent.
Although we do not have the benefit of a recorded legislative history regarding this Act, it is possible that it was prompted by the issuance of Op. Att'y Gen. 97-249, which highlighted the absence of any statutory provision extending candidate filing deadlines and voter registrationdeadlines where the last day of the applicable period fell on a Saturday, Sunday, or holiday. The language of the statute itself, however, is certainly not limited to only these two types of election law deadlines. I have found no satisfying evidence of legislative intent on the question presented. Nor have I found any helpful case law precedent, or persuasive definitions of the term "deadlines" as used in A.C.A. §7-1-108.
In my opinion, however, a reviewing court might be favorably disposed towards applying § 7-1-108 in this instance. It has been held that election laws, at least in election contest cases, should be liberally construed to ensure compliance. See King v. Whitfield, 339 Ark. 176, 5 S.W.3d 21 (1999), citing Duennenberg v. City of Barling, 309 Ark. 541,832 S.W.2d 237 (1992); and LaFargue v. Waggoner, 189 Ark. 757,75 S.W.2d 235 (1934). It is possible that this principle would overcome any arguably stricter construction placed upon the statute under the rule stated in the Oklahoma case that such statutes "should be construed so as to prohibit only such acts as are in express terms or by clear implication within the purview of the act. . . ." See Sizemore, supra at 806-07.
Because there is uncertainty surrounding the issue, however, and because the consequences of holding the election on the wrong date are so severe (see discussion supra, noting that such elections are "void"), I cannot opine that city officials are clearly authorized to schedule the election on January 2, 2008. In sum, the city would be best protected by obtaining court approval as to the proper date. Otherwise, there is some risk that the election will be deemed void in the face of a challenge. *Page 6 
Deputy Attorney General Elana C. Wills prepared the foregoing opinion, which I hereby approve.
Sincerely,
DUSTIN McDANIEL Attorney General
[1] New Year's Day is declared an official holiday at A.C.A. §1-5-105(a)(1) (Repl. 1996). In this regard the first subsection of A.C.A. § 1-5-101 provides that: "The following days are declared to be the sole official holidays applicable to state government in Arkansas: New Year's Day — January 1. . . ." The Act originally giving rise to this statute, Act 211 of 1943, phrased the introductory language differently, stating that ". . . the following days are hereby declared to be legal holidays for all purposes. . . ." Id. at § 1 (emphasis added). Subsequent amendatory acts modified the introductory language to its current state.See Acts 1969, No. 16 ("The following days are hereby declared to be legal holidays:"); and Acts 1975, No. 976 ("The following days are hereby declared to be the sole official holidays applicable to State Government in Arkansas"). The title of the last-cited Act described its provisions as "Establishing Official Holidays and Relating to Holidays and Holiday Pay for Public Employees. . . ." Acts 1975, No. 976 (Title). There may be some question, under the current wording of A.C.A. § 1-5-101(a), as to whether the specified holidays are declared official holidays for all purposes, including for purposes of holding municipal elections, or just for purposes of state government operations and employee leave time. In my opinion, however, in light of the legislative history, the subsequent amendments to this section did not remove the status of such enumerated days as official holidays for purposes of holding municipal elections. *Page 1