**Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.**



FILED

Mar 13 2013, 8:45 am

*Kevin S. Smith*

CLERK
of the supreme court,
court of appeals and
tax court

ATTORNEY FOR APPELLANT:

**MARK F. JAMES**
Anderson, Agostino & Keller P.C.
South Bend, Indiana

ATTORNEYS FOR APPELLEE:

**GREGORY F. ZOELLER**
Attorney General of Indiana

**JAMES B. MARTIN**
Deputy Attorney General
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

| | |
|---|---|
| N.O., ) | |
| ) | |
| Appellant-Respondent, ) | |
| ) | |
| vs. ) | No. 71A03-1209-JV-409 |
| ) | |
| STATE OF INDIANA, ) | |
| ) | |
| Appellee-Petitioner. ) | |

APPEAL FROM THE ST. JOSEPH PROBATE COURT
The Honorable Peter J. Nemeth, Judge
The Honorable Harold E. Brueseke, Magistrate
Cause No. 71J01-1203-JD-153

**March 13, 2013**

**MEMORANDUM DECISION – NOT FOR PUBLICATION**

**BAKER, Judge**

In this case, N.O. was adjudicated a delinquent child after the trial court made a true finding that he committed the act of Battery,[1] a class B misdemeanor, if committed by an adult. N.O. claims that "based on the testimony of the only witness, it was physically impossible for N.O. to have touched [the victim] in a rude, insolent, or angry manner." Appellant's Br. p. 2.

Notwithstanding this contention, we conclude that N.O.'s act of approaching the victim and rubbing his penis against her leg, even though both he and the victim were clothed, supports the trial court's finding of delinquency.

## FACTS

Sometime between August 1, 2010, and February 28, 2012, N.O., who was born in June 1999, was watching a movie at home in Mishawaka with his brother. His two sisters, E.O. and K.O., were playing together in another room. At some point, N.O. was sitting in front of the television, masturbating. K.O. was sitting on a couch next to nine-year-old E.O. N.O. stood up, put his penis back in his pants, walked over to E.O., and rubbed his penis against her leg.

On April 4, 2012, the State filed a petition alleging that N.O. was a delinquent child for committing an act that would have been battery if committed by an adult. Following a fact-finding hearing on May 1, 2012, the juvenile court entered a finding of delinquency against N.O. He now appeals.

---

[1] Ind. Code § 35-42-2-1.

## DISCUSSION AND DECISION

N.O. claims that the adjudication must be set aside because the State failed to prove that he touched E.O. in a "rude, insolent, or angry manner" as required under Indiana Code section 35-42-2-1(a). N.O. also maintains that the adjudication cannot stand because both he and E.O. were clothed when he committed the act.

On review of a juvenile adjudication, we apply the same sufficiency standard used in criminal cases. A.E.B. v. State, 756 N.E.2d 536, 540 (Ind. Ct. App. 2001). We do not reweigh evidence or judge credibility of witnesses. D.R. v. State, 729 N.E.2d 597, 599 (Ind. Ct. App. 2000). Instead we look only to the evidence and reasonable inferences therefrom that support the determination. Id. A conviction or a juvenile adjudication may be sustained on appeal on the uncorroborated testimony of a single witness. Gregory v. State, 885 N.E.2d 697, 704 (Ind. Ct. App. 2008). Moreover, a conviction may be sustained on circumstantial evidence alone so long as the circumstantial evidence supports a reasonable inference of guilt. Gonalez v. State, 908 N.E.2d 338, 340 (Ind. Ct. App. 2009).

We will affirm the juvenile court's judgment when there is evidence of probative value from which a reasonable trier of fact could find the respondent delinquent beyond a reasonable doubt. D.H. v. State, 932 N.E.2d 236, 238 (Ind. Ct. App. 2010). Reversal is required only when reasonable persons would not be able to form inferences as to each material element of the offense. Griffin v. State, 945 N.E.2d 781, 783 (Ind. Ct. App. 2011).

3

A person may be convicted of battery, a class B misdemeanor, if the State proves beyond a reasonable doubt that: 1) the defendant; 2) knowingly or intentionally; 3) touched another person; 4) in a rude, insolent, or angry manner. I.C. § 35-42-2-1(a)(1). In construing this statute, it has been held that any touching, however slight, may constitute an "assault and battery." Shaw v. State, 239 Ind. 248, 250, 156 N.E.2d 381, 382 (1959).

As discussed above, N.O. approached E.O. while she was sitting on the couch and touched her leg with his penis. Although N.O. maintains that the State failed to prove that his action constituted a rude or angry touching, we think it was reasonable for the juvenile court, as the fact finder, to conclude to the contrary. In our view, N.O.'s act of touching E.O. with his penis is the embodiment of a rude, insolent, or angry act in accordance with Indiana Code section 35-42-2-1(a). As a result, N.O.'s challenge to the sufficiency of the evidence fails on this basis.

As noted above, N.O. also argues that the adjudication must be set aside because both he and E.O. were clothed when he committed the act. Notwithstanding this claim, both our Supreme Court and this court have determined that wearing apparel is so intimately connected with the person as to be regarded in a case of battery as part of the person. Stokes v. State, 233 Ind. 10, 13, 115 N.E.2d 442, 443 (1953); see also K.D. v. State, 754 N.E.2d 36, 40 (Ind. Ct. App. 2001) (same). As a result, we conclude that the evidence presented was sufficient to support N.O.'s juvenile delinquency adjudication.

The judgment of the trial court is affirmed.

RILEY, J., and BARNES, J., concur.